### No. 716
### RYAN v. RYAN
Ohio Appeals, 6th Dist., Lucas Co.

No. 1569. Decided June 15, 1925

413. DIVORCE AND ALIMONY—Decree as to alimony cannot be altered after term, upon ground that conditions and circumstances affecting parties have changed.

WILLIAMS, J.

Anna Ryan filed a petition in the Lucas Common Pleas against her husband, Patrick Ryan, for alimony. The wife was found entitled to $400; and $600 to be left in a certain bank for payment of bills and that Patrick should pay to his former wife $85 per month, such payments to be made for her benefit and also that of minor children.

At a subsequent term of the Common Pleas, Patrick filed a motion in the same cause for modification of the judgment and decree as to the amount of the alimony. It was admitted that Ryan was in arrears in the payment of alimony to the extent of $250. Thereupon the court denied the motion and refused to hear evidence thereunder because Ryan was so in arrears. Error was prosecuted, and a reversal of the decision of the lower court on the motion was asked. The Court of Appeals held:

1. We do not feel called upon to determine the question whether or not the court erred in denying the motion and refusing to hear evidence thereunder for the reason given by the court below, because we do not feel that the question is squarely presented.

2. The record shows that the amount of the payments of alimony as decreed by the court, was agreed to by the parties; and where alimony is adjudged to the wife in accordance with such agreement, it is not subject to modification upon application of the former husband, at a term subsequent to that in which

the original decree was made, except upon some ground which vitiates it, such as fraud or mistake. Law v. Law, 64 OS. 369.

3. The judgment and decree as to the alimony was binding upon the parties, and could not be altered after the term upon the ground that conditions and circumstances affecting the parties had been changed since the rendition of the judgment and decree. Judgment affirmed.

Attorneys—Charles A. Thatcher and Chester A. Meck for plaintiff; Lionel Levy for defendant; all of Toledo.