**ARMSTRONG, Plaintiff-Appellant, v. ARMSTRONG, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 5362.  Decided March 1, 1956.

Brownfield & Malone, Columbus, for plaintiff-appellant.
Louis H. Wedemeyer, Columbus, for defendant-appellee.

(DEEDS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By MILLER, PJ.

This is a law appeal from a judgment of the Common Pleas Court, Division of Domestic Relations, sustaining the motion of the appellee and ordering that the appellant contribute to the support of the parties' three minor children. The record reveals that on August 25, 1952, the Court granted a divorce to the appellee on his cross-petition, and gave him custody of their three children; that a separation agreement was executed by the parties and made a part of the divorce decree which provides that the appellant in return for the payment to her of one hundred dollars surrendered to the appellee all her right, title and interest in and to the parties' former home, furniture and household equipment. It further provides that the appellee shall have the custody and control of the children and concludes with the words,

"* * * each of the parties hereto releases and discharges the other from all obligation of support and maintenance, and from all other claims, rights and duties arising out of the marital relationship."

On April 21, 1955, the appellee filed a motion seeking an order requiring the appellant to contribute to the support of the children. The appellee alleged in said affidavit,

"that due to increased living costs for the care, maintenance, education and support of said children, he is unable to continue the same standard of living for these children without some contribution from the mother of the children, who is fully capable of contributing to said children's support."

The Court referred the matter to a Referral Officer who, after analyzing the testimony, made the following factual conclusion:

"* * *

"I am satisfied in my mind that defendant testified truthfully and forwardly respecting his financial position. He established to my satisfaction, an inability to maintain the children upon their present standard of living without additional assistance. He should not be obliged to first seek such assistance from relatives or benefactors other than the mother of the children."

The Court sustained the motion upon the finding and recommendation of the Referee, and ordered the appellant to pay the sum of $12.00 per week toward the support of the children.

We have examined the entire record and are of the opinion that it fully supports the findings of fact made by the referee. The question therefor presented is whether or not the Court had authority to modify the support order for these children. Sec. 3103.93 R. C., places the primary responsibility upon the husband to support his minor children out of his property, but if he is unable to do so the wife must assist him so far as she is able. Although provision was made in the divorce decree for the support of the children, the same is subject to a change upon a proper showing being made. It is a well established principle

of law in Ohio that a separation agreement which is made a part of the decree may be modified at a later date by increasing the amount specified for the support of the children in order that they may receive adequate support, but with respect to the rights between the parties themselves, the provision made in the separation agreement with respect to permanent alimony and which was approved and ratified by the Court and made a part of its decree cannot thereafter be modified in the absence of fraud or mistake. **Campbell v. Campbell, 46 Oh Ap 197; Ferger v. Ferger, 46 Oh Ap 558; Law v. Law, 64 Oh St 369.** In **Tullis v. Tullis, 138 Oh St 187,** at page 192 the Court said:

"This court has also held that even though such a contract has been made a part of the decree of divorce, yet because of the continuing jurisdiction of the court and because of the demands of public policy, the court may subsequently increase the support allowance for children if changed circumstances require it, since a parent cannot by his own contract relieve himself of the legal obligation to support his minor children. **14 O. Jur., 546, Section 141.** In the case of Corbett v. Corbett, supra, the wife sought to have the amount allowed her for the support of her two minor children increased and this court held that the lack of a reservation of jurisdiction in the original decree did not deprive the trial court of continuing jurisdiction, and affirmed a judgment increasing the allowance for the support of minor children."

Counsel for the appellant relies upon the case of **Kintner v. Kinter, 78 Oh Ap 324.** It appears that in this case the husband and wife were divorced and their minor child was placed in the custody of a third person, and the husband ordered to pay $10.00 per week for its support. Later, the Court modified the order and required the wife to contribute to the support of the child without any finding that the husband was unable to provide such support. This Court held that it was within the province of the trial court to modify its former order with respect to the support allowance of the child, but it had no authority to modify the former order with respect to the rights already fixed between the plaintiff and defendant regarding alimony. These rights had been previously fixed by contract and which was made a part of the decree of divorce. The Court held that under the facts presented in this case the wife could not be required to contribute to the support of the child. The Court held, however, that the wife is secondarily liable for such support. The first paragraph of the syllabus of this case provides:

"Under the provisions of §7997 GC, the liability of the husband to support his minor children is primary and that of the wife is secondary; the wife is not required to support her minor children unless the husband is unable to do so."

It is our conclusion that the record supports the factual findings of the trial court and therefore the Court did not err in ordering the wife to render some assistance in the support of these minor children.

The judgment is affirmed.

HORNBECK and DEEDS, JJ, concur.