SMITH, APPELLEE, *v.* SMITH, APPELLANT.

[Cite as Smith v. Smith, 7 Ohio App. 2d 4.]

(No. 383—Decided October 21, 1964.)

*Mr. Francis M. Marley,* for appellant.
*Mr. Carl A. Williams,* for appellee.

GUERNSEY, J. This appeal is on questions of law from a judgment of the Common Pleas Court modifying a divorce decree with respect to the support of minor children of the parties.

The divorce decree, entered on December 3, 1960, approved a separation agreement between the parties and made it a part of the decree. Among other things, not here pertinent, the agreement provided:

"Conditioned upon the faithful and prompt performance of the husband of his agreements herein contained, the wife agrees that she will support and maintain the children of the parties hereto in a suitable and proper manner until each child arrives at the age of twenty one years or ceases to be a dependent, and that she will not in any manner contract any debts or incur any liabilities in respect to said children, or otherwise, which might in any way be chargeable to the husband and that *she will not institute or cause to be instituted against the husband any legal proceedings for the support of* herself or *said children,* provided however that if this agreement ceases to be operative, as hereinafter provided, and, if the wife is not able to support said children, that the husband shall become liable for their support." (Emphasis added.)

This provision of the agreement was the only portion of the decree having reference to child support, or the modification thereof, and there was no other provision in the separation agreement or in the balance of the decree specifying when the "agreement ceases to be operative."

On March 26, 1964, the plaintiff wife moved for an order to modify the divorce decree by fixing "the amount of weekly payments for said support of said minor children to be paid by the defendant to the plaintiff" "on the grounds that the plaintiff is not able to support said children and that the husband shall become liable for their support in accordance with * * * said decree."

On April 7, 1964, the court made its journal entry which, omitting matters not pertinent to this appeal, provided:

"This cause came on to be heard on the motion of plaintiff for an order requiring the defendant to pay support money to the plaintiff as trustee for the benefit of the minor children of the parties in accordance with the agreement of the parties and the decree of divorce entered in this cause of action, and the court finds said motion to be well taken and that support of said minor children be paid by the defendant; it is, therefore, ordered, adjudged and decreed by the court that the defendant shall remit the sum of $50.00 with trust poundage at one per

6

cent, per week to the Seneca County Clerk of Courts. The plaintiff is hereby appointed trustee to receive and expend said payments from the clerk for the benefit of said minor children without further accounting therefor. * * *''

This is the judgment from which the defendant husband appeals. He has not filed a bill of exceptions and assigns as error that:

''1. The Court of Common Pleas having entered a decree of divorce on December 3, 1960, which decree was final in that it did not reserve jurisdiction to the court, but adopted a separation agreement in which plaintiff-appellee agreed for consideration that she would support and maintain the minor children of the parties and that she would not institute any legal proceedings for the support of herself or said children, the court below committed error prejudicial to defendant-appellant in ordering defendant-appellant to pay child support on motion of plaintiff-appellee filed in March 1964.

''2. The lower court committed error prejudicial to defendent-appellant in setting aside the decree of divorce made three years before on motion of plaintiff-appellee who did not cause a summons to issue to defendant-appellant and who did not file a petition but a motion.

''3. The lower court committed error prejudicial to defendant-appellant in allowing a motion for child support, the plaintiff-appellee having filed a similar motion in April of 1961, which motion was overruled by the court and thereby became res judicata.

''4. Plaintiff-appellee being in default in the payment of alimony to defendant-appellant as agreed to by the parties and ordered by the court and being thereby in contempt of court, the court below committed error prejudicial to defendant-appellant in entertaining a motion to modify the decree at the instance of plaintiff-appellee under the authority of *Ryan* v. *Ryan*, 3 Abs. 510.

''5. The court below erred in modifying and setting aside the decree of divorce without a hearing and in making an order contrary to the original decree, without first finding that the decree should be set aside.

''6. The final order and judgment of the lower court was contrary to law.''

We find as controlling the case of *Corbett* v. *Corbett*, 123

Ohio St. 76, decided by the Supreme Court in 1930, and not since modified or reversed. It was there held:

"1. A decree of divorce terminating the marriage contract of parents who have minor children, which decree provides for the custody, care and support of such minor or minors by the parents respectively during such minority or for a lesser period of time, named in the decree, continues the jurisdiction of the court for such period without any express reservation in the decree itself.

"2. The proper practice in securing a modification of such decree with respect to the custody, care or support of such minors, is by motion filed in the original divorce action by the party seeking such modification."

The trial court in the *Corbett case,* in its decree of divorce entered in 1919, approved a separation agreement settling property interests and providing for the custody of the children by the mother, with child support payments in specified amounts to be made by the father to the mother. In 1926 the mother moved to modify the decree by increasing the amounts to be paid for support of the children, and her motion was overruled. In 1929 a like motion made by the mother was granted over the objection of the father. As in the case before us, there was no express reservation in the Corbett divorce decree continuing the jurisdiction of the trial court during the minority of the children, or for any other period. The judgment of the trial court modifying the support payments by increasing them was affirmed by the Court of Appeals, and that court's judgment was affirmed by the Supreme Court.

A little more than ten years later the Supreme Court decided the case of *Tullis* v. *Tullis,* 138 Ohio St. 187, and held that under similar circumstances, in the absence of fraud or mistake, child support payments provided for by a separation agreement approved by a divorce decree might not thereafter be modified to lessen the amount of such support. In commenting on the *Corbett case* and the *Tullis case* in *Hunt* v. *Hunt,* 169 Ohio St. 276, 287, Judge Thomas J. Herbert said:

"It is apparent from those two cases that continuing jurisdiction is implied regardless of any agreement between the parties in order that adequate support of minor children may be assured, but that no decree fixing the amount for such support based on an agreement between the parties may be modified so

as to *lessen* such amount. Again we have an exercise of equitable power having due regard for contractual agreements.

"In the *Tullis case,* Hart, J., stated in the opinion (page 192):

" 'This court has also held that even though such a contract has been made a part of the decree of divorce, yet because of the continuing jurisdiction of the court and because of the demands of public policy, the court may subsequently *increase* the support allowance for children if changed circumstances require it, since a parent cannot by his own contract relieve himself of the legal obligation to support his minor children.' "

Compare, however, *Seitz* v. *Seitz,* 156 Ohio St. 516.

We also observe that with regard to support payments for minor children a separation agreement is, in essence, in the nature of a third party beneficiary contract. The parents may, as individuals, contract between themselves as to their obligations of child support (Sections 2111.08, 3103.03 and 3103.06, Revised Code) and determine by their agreement the manner in which their respective obligations might be borne between them. Their minor children become third party beneficiaries of any provisions as to support which may benefit them, but, not being parties to the agreement, no obligations of the agreement become binding upon the children. As third party beneficiaries the beneficial provisions of the contract ordinarily may not be modified to their detriment without their consent and may be enforced by them or for them.

It thus appears that for purely contractual reasons, as well as for reasons of public policy, a divorce court originally having jurisdiction over the determination or approval of support payments for minors is not prevented from exercising a continuing jurisdiction to modify the effect of its decree with respect to such child support payments by increasing the burden on one or the other of the parties to the divorce to make such payments, notwithstanding that in its original decree it has approved a separation agreement providing that the burden shall be borne differently. However, in exercising this continuing jurisdiction it is merely enforcing the respective obligations of the parents to both the state and the minor children to provide such children the support due to them. Its decree of modification does not operate to relieve either party to the divorce from his or her obligations under the contract to each other. *Armstrong* v.

*Armstrong,* 74 Ohio Law Abs. 177. Thus, in the present case, if the provisions of the contract do not by reason of change of circumstances operate to relieve the mother of the obligation to support her minor children she will still be charged with such contractual obligation, notwithstanding that by its modification decree the divorce court requires the father to perform, by making specified payments, his statutory obligation of support.

The motion for modification of these support payments filed and prosecuted by the mother was filed and prosecuted primarily on behalf of the minor children and in her capacity as their natural guardian, and filed to enforce the support to which these children were entitled. The mother, as an individual signator to the separation agreement, could not contract away any right which her minor children had to support from their father nor could she contract away any obligation which she had as their natural guardian to enforce such right in their behalf.

Under these circumstances it was not necessary for the trial court to decide, nor does it appear that it did decide, nor do we decide, whether such a change in circumstances occurred as to alter the contractual obligations of the mother to the father, or vice versa. This is a matter entirely between the father and mother and if a contractual cause of action still exists by one against the other it is not here determined.

For the foregoing reasons the first two assignments of error are found without merit.

Appellant's third assignment of error is without merit for the reason that even if we consider the earlier motion for modification overruled, which the record before this court does not specifically show, about three years elapsed between the filing of the two motions to modify and the overruling of the first motion would not be *res judicata* of the second, it being presumed that in making its modification decree the court acted on issues of fact and law arising from changes of circumstance occurring between the overruling of the first motion and the filing of the second. See also the facts of *Corbett* v. *Corbett,* 123 Ohio St. 76.

As appellant has not filed a bill of exceptions, we have nothing in our record to demonstrate his claim that his wife is in default in the payment of alimony to him and that she is therefore estopped from maintaining this action. We do not, there-

fore, further consider whether such estoppel would exist, and, there being no affirmative showing of error, we must find the fourth assignment of error without merit.

Appellant husband's fifth assignment of error is grounded on the claim that the procedure for setting aside judgments provided for by Section 2325.01 *et seq.*, Revised Code, was herein applicable, that same required a hearing and the submission of evidence, and that no hearing was had or evidence submitted. Appellant has not substantiated this claim by filing a bill of exceptions to show what actually did transpire. The journal entry of the court recites that the "cause came on to be *heard* on the motion of plaintiff" (emphasis added), but does not specifically show the nature of the hearing or whether evidence was adduced. However, whether the Common Pleas Court, which is a court of general jurisdiction, was acting in the exercise of such general jurisdiction or was acting in the exercise of a limited jurisdiction bestowed upon it by statute and not belonging to it by common law, the record shows that it did have jurisdiction over the subject matter and of the parties and to proceed in its exercise of its jurisdiction over the subject matter. It may, therefore, be presumed, in the absence of anything in our record to the contrary, that the court found all things necessary to support such judgment, that the judgment was rendered upon sufficient grounds, that every fact necessary to sustain it was brought before the court, that the court had before it proper and sufficient evidence to support its judgment, and that the judgment was fully sustained by the facts and the law. See Judgments, 31 Ohio Jurisprudence 2d 689, 694, Sections 237 and 242.

In the face of these presumptions, appellant's fifth assignment of error is without merit.

Appellant not being able to prevail in any of his first five assignments of error, we must also conclude that his sixth assignment of error is without merit and that the judgment of the trial court must be, and it hereby is, affirmed.

*Judgment affirmed.*

MIDDLETON, P. J., and YOUNGER, J., concur.