(No. 864—Decided February 5, 1969.)

*Mr. Walter J. Hunston,* for appellant.
*Messrs. Moore, Moore & Primm,* for appellee.

LYNCH, J. This case concerns the question whether a separate action in contract can be maintained by a husband against his ex-wife on a save-harmless agreement for

an increase in child support when this agreement was incorporated into the final decree of divorce.

Plaintiff, appellant herein, and defendant, appellee herein, entered into a separation agreement which was incorporated and made part of the final decree of divorce in 1959 in the Mahoning County Common Pleas Court, Domestic Relations Division. The separation agreement provided that plaintiff would quitclaim his interest in the homestead premises to defendant; that plaintiff would pay $60 a month support for their minor daughter until she was eighteen years old; that defendant would not seek a modification to increase the support award; and that defendant would save plaintiff harmless from any further liability for support of the minor daughter.

In 1967, defendant's application to increase plaintiff's support order for the minor daughter to $80 a month for the next four years was allowed by the Mahoning County Common Pleas Court, Domestic Relations Division.

The parties now reside in Columbiana County, and this action was filed in the Columbiana County Common Pleas Court for breach of contract. Defendant's demurrer to plaintiff's petition was sustained on the basis that there is another action pending between the same parties for the same cause in the Mahoning County Common Pleas Court, Domestic Relations Division; that the Columbiana County Common Pleas Court has no jurisdiction of the subject of this action; and that the petition does not state facts which show a cause of action. Plaintiff is appealing on questions of law.

A husband and wife may enter into a separation agreement and make provisions for the support of either of them and their children during separation. Section 3103.06, Revised Code.

The validity of this separation agreement was established by its incorporation in the final entry of divorce in 1959 in the Mahoning County Common Pleas Court, Domestic Relations Division. See 18 Ohio Jurisprudence 2d 138, Divorce and Separation, Section 184.

Where a decree of divorce provides for the custody and support of minor children, such children become the

wards of the court; and the jurisdiction of the court over their custody and control is a continuing jurisdiction which may, on proper application, be invoked to modify orders made in the original proceeding whenever the character and circumstances of the case or the parties require it. Section 3105.061, Revised Code; *Van Divort* v. *Van Divort,* 165 Ohio St. 141; 18 Ohio Jurisprudence 2d 107, Divorce and Separation, Section 162.

An agreement between a husband and wife, made in connection with a divorce proceeding and incorporated into the divorce decree, as to the amount to be paid by the husband for the support and maintenance of minor children whose custody is awarded to the wife, is not binding upon the court in a subsequent application for a modification of the original decree by increasing the amount of the allowance for such purpose, since a father cannot, by his own contract or agreement, relieve himself of the legal obligation to support his minor children. *Seitz* v. *Seitz,* 156 Ohio St. 516; *Smith* v. *Smith,* 7 Ohio App. 2d 4; 18 Ohio Jurisprudence 2d 114, Divorce and Separation, Section 165.

However, the decree of such a court modifying provisions for support of such minor children does not operate to relieve either party to the divorce from his or her obligations to the other under the separation agreement. *Smith* v. *Smith,* 7 Ohio App. 2d 4.

We hold that plaintiff is entitled to have his rights under this separation agreement determined. The question is whether the Mahoning County Common Pleas Court, Domestic Relations Division, has the jurisdiction to make this determination when neither of the parties now resides in Mahoning County.

No case directly in point has come to our attention, and, as far as we can determine, this is apparently the first time this issue has been raised in Ohio.

Section 2301.03 (E), Revised Code, provides that the judges of the Mahoning County Domestic Relations Division shall have the same powers and jurisdiction as other judges of the Court of Common Pleas of Mahoning County. Therefore, the Mahoning County Domestic Relations

Division of the Common Pleas Court could have jurisdiction if the issue of plaintiff's rights under the separation agreement and the parties of this law suit were properly before it.

However, at the time that the Mahoning County Common Pleas Court increased the support allowance, the parties were no longer residents of Mahoning County. This fact did not affect the jurisdiction of the Mahoning County Common Pleas Court to modify the support order for the minor child of the parties, because, as we have already pointed out, the Mahoning County Common Pleas Court had continuing jurisdiction on this subject. However, the issue in this case is whether this fact affected the jurisdiction of the Mahoning County Common Pleas Court to determine the rights of plaintiff under the separation agreement, particularly since the separation agreement was incorporated as part of the divorce decree.

As we have already pointed out, whatever rights plaintiff has under his separation agreement could not be a defense to his wife's application to modify the support order of their minor child.

We hold that plaintiff's rights under his separation agreement were in the nature of a counterclaim or cross-action, and that he was entitled to bring a separate action on this question. See 32 Ohio Jurisprudence 2d 72, Judgments, Section 317.

However, defendant contends that the Mahoning County Common Pleas Court has jurisdiction over the subject matter of this lawsuit, because the separation agreement is incorporated into a divorce decree of the Mahoning County Common Pleas Court and has no legal life apart from it.

In the case of *Desjardins* v. *Desjardins,* 91 Ohio Law Abs. 111, at page 120, appears the following:

"* * * The provisions of the [separation] agreement dealing with the monthly payments of money merged into the decree of the Ohio court and have no legal life apart from the decree. See, Restatement of the Law of Judgments, Section 45 (a), Comment a; *Ibid,* Section 47 (b), Comment g, Illustration 9. Insofar as parts of the agree-

ment order the doing of any act other than the payment of money, however, those parts are still viable and subject to the same treatment as any other contract. See, Restatement of the Law of Judgments, Section 46; * * *."

See *Robrock* v. *Robrock,* 167 Ohio St. 479.

We hold that whether or not the separation agreement is now merged with the divorce decree of the Mahoning County Common Pleas Court is not decisive of the issue in this case as to whether the Mahoning County Common Pleas Court has continuing jurisdiction to determine the rights of the parties under this separation agreement when the parties to the agreement no longer reside within the territorial jurisdiction of the Mahoning County Common Pleas Court and the cause of action arises subsequent to the divorce decree.

We hold that the continuing jurisdiction that a Court of Common Pleas retains over support orders of minor children in a divorce action even when the parties have moved from the county over which it has jurisdiction does not extend to a determination of the rights of such parties under a separation agreement incorporated into the divorce decree, when the terms of the separation agreement as to the support of a minor child are different from a subsequent order of the Court of Common Pleas.

We hold further that a Court of Common Pleas having jurisdiction over the persons of divorced parents has jurisdiction to determine the rights of such divorced parents under a separation agreement incorporated into the divorce decree made by another Court of Common Pleas in a different county when the other Court of Common Pleas has made a subsequent order increasing the support payments of the minor child of the divorced parents, which was contrary to the terms of such separation agreement.

Therefore, we hold that the trial court was in error in holding that it had no jusidiction to hear this case.

The judgment is reversed, and the cause is remanded for further proceedings in accordance with this decision.

*Judgment reversed.*

JONES, P. J., and O'NEILL, J., concur.