**WOLFINGER, Appellee,**

v.

**OCKE, Appellant.**

[Cite as *Wolfinger v. Ocke* (1991), 72 Ohio App.3d 193.]

Court of Appeals of Ohio,
Shelby County.

No. 17–89–17.

Decided Jan. 16, 1991.

*Elsass, Wallace, Evans, Schnelle & Co., L.P.A., Stanley R. Evans* and *Richard H. Wallace,* for appellant.

*Blake, Faulkner, Garmhausen, Keister & Shenk, L.P.A.,* and *Rodney R. Blake, Jr.,* for appellee.

EVANS, Judge.

This is an appeal from a 1989 judgment of the Court of Common Pleas of Shelby County which held that a 1986 child custody and support modification order terminated certain provisions of a 1984 decree of divorce.

The appellant, Mary Ocke, instituted this action against the appellee, John Wolfinger, to enforce a provision of the divorce decree that provided that the appellee would help pay for the son's college education. The trial court denied the appellant's motion and held that the appellee's obligation to pay any amount for the son's college education terminated in 1986 when the court modified the original divorce decree.

The facts of this case are not in dispute. Mary Ocke ("Ocke") and John Wolfinger ("Wolfinger") were divorced in 1984. Their separation agreement, which was incorporated into the divorce decree ("'84 decree"), provided Ocke with custody of the three minor children and required Wolfinger to pay child support. It also provided that Wolfinger would pay part of each child's college expenses, providing certain conditions were met ("college expense provision" or "post high school obligation").

In 1986, the oldest child, Megan, went to live with Wolfinger. Wolfinger and Ocke agreed to change the '84 decree to reflect the changed circumstances. Through Ocke's attorney, they filed a motion to provide Wolfinger with custody of Megan and have the child support payments reduced "accordingly." The parties did not discuss the college expense provision at that time.

In 1987, Megan graduated from high school and enrolled in college. Wolfinger did not pay to Megan the $60 per week as provided in the original divorce decree. Instead, he paid her $1,600 her first year and $1,600 her second year at college.

In 1989, the second child, Michael, graduated from high school and enrolled in college. Wolfinger refused to pay Michael the $60 per week as provided in the original divorce decree.

In June 1989, Ocke and Michael filed a motion to enforce the college payment provision in the '84 divorce decree. Wolfinger argued that said provision was terminated by the language of the 1986 custody and support modification order. The common pleas court held a hearing and subsequently denied the appellant's motion to enforce payment.

It is from that 1989 judgment that appellant now appeals and asserts five assignments of error.

"I. The Trial Court erred as a matter of law in interpreting the 1986 Order Entry as supplanting the 1984 Judgment Decree regarding the college expense provision.

"II.  The Trial Court erred by finding that the college expense provision of the 1984 Judgment Decree was terminated by the child support provision of the 1986 Order Entry.

"III.  The Trial Court erred in not enforcing the college expense provision of the 1984 Judgment Decree.

"IV.  The Trial Court erred by failing to consider the third party beneficiary rights of [Michael] Wolfinger.

"V.  The Trial Court erred in determining that Ocke waived any right to the college expense provision by not taking any action when Appellee paid less than the agreed upon amount to the oldest child, Megan L. Wolfinger."

■  Although this appeal does involve analysis of domestic relations law, it essentially amounts to a question of the effect of a modification of a prior judicial decree.  The standard of review is whether the trial court committed prejudicial error.  App.R. 12.  The trial court must properly decide a question of law; the court has no discretion.  Therefore, the appellee incorrectly states that the proper standard of review is an abuse of discretion.  Instead, it is whether the trial court committed error and, if so, whether that error was prejudicial to the appellant.

■  The appellant's first, second and third assignments of error assert essentially the same argument.  Thus, we shall address these assignments of error together.

The language of the '84 divorce decree provided in pertinent part, as follows:

"3.  *Child Support.*  The Plaintiff [Wolfinger] shall make payments through the Bureau of Support, the sum of Sixty Dollars ($60.00) per week for each of the children as and for child support, together with poundage of 2%, the same to be transmitted to the Defendant [Ocke].

"The parties have agreed and it is hereby ORDERED that the Plaintiff shall continue to allegate [*sic*] the support amount towards the children's post high school education.  After they graduate from high school, said monies will be paid or accumulated for the children and given to them so long as they are a full-time student and maintain an accumulative point hour average of 2.25. The post high school obligation shall terminate four years after high school graduation and shall continue only at John's option thereafter.  Plaintiff shall maintain health insurance on the children through his place of employment. Plaintiff shall further be responsible for extraordinary hospital, medical, dental and optical expenses for said minor children.  Extraordinary shall mean any sum in excess of $35.00 per child, accident, illness, or occurrence.

"The Plaintiff shall be entitled to claim the minor children as dependents on his federal, state and local income tax returns."

The 1986 modification provided, in pertinent part as follows:

"This matter is before the Court upon the Motion of the Plaintiff [Wolfinger] for a modification of the previous Order of this Court in regards to custody of Megan L. Wolfinger, * * * an adjustment to the support and further for an Order terminating alimony payments.

"The Court finds that the parties have approved of the hereinafter modifications as is evidenced by their approval of this Order. The Court further finds that the parties' minor child, Megan L. Wolfinger, by agreement of the parties, is residing with the Plaintiff, John Wolfinger, effective June 12, 1986, and as such, support should be reduced accordingly from this date.

"The Court further finds that Defendant, Mary H. Wolfinger [Ocke], was [re]married on August 31, 1986, and as such, Plaintiff's obligation for alimony should cease on the date thereof.

"Accordingly, it is hereby ORDERED, ADJUDGED and DECREED as follows:

"* * *

"3. That the Plaintiff's obligation for support is reduced by the sum of Sixty and 00/100 dollars ($60.00) per week, effective June 12, 1986, resulting in a total weekly support payment due Defendant of One Hundred Twenty and 00/100 Dollars ($120.00) each week, plus poundage of two percent (2%) for a total support payment of One Hundred Twenty Two and 40/100 Dollars ($122.40), said payment to continue to each child until each child reaches the age of eighteen (18) or ceases to continually attend on a full time basis any recognized or accredited high school, whichever last occurs, or until its complete emancipation, which shall be determined upon Affidavit and hearing is requested."

Appellee contends that the language in the 1986 modification which terminates the support payments when each child reaches the age of eighteen or ceases to continually attend on a full-time basis any recognized high school, whichever last occurs, also terminates the obligation to make payments to each of the children while attending college. We disagree.

It is at once apparent on reading the 1984 decree that the $60 payments were ordered by the trial court to discharge the legal duty of the father to support his children. It is also apparent that the parties agreed that the father would make additional payments to assist his children with their college education after his legal duty to support during high school had expired. This college assistance was separate from and in addition to the duty to support

imposed by R.C. 3103.03. We find it to be significant that the language employed in the provision dealing with post-high-school education refers not to continued support payments, but rather to a continuation of the support amount. This change in language denotes first of all that the draftsman intended to draw a distinction between the legally imposed duty to support and the agreement to provide post-high-school assistance. It also represents a technique used by the draftsman to fix the amount and frequency of the post-high-school payments.

We conclude that the termination language contained in the 1986 modification entry does not apply to the post-high-school assistance agreement of the parties.

The appellant's first, second and third assignments of error are all well taken.

We also address the fourth and fifth assignments of error together. The appellant argues that the trial court erred in finding that the appellant waived any right to the college expenses for Michael by not enforcing the provision on behalf of Megan. We find that the trial court did err, first, in finding that Ocke waived Megan's third-party rights, and, second, that a waiver of Megan's rights affected Michael's rights.

Wolfinger and Ocke entered into a separation agreement. That agreement, in part, created benefits for the three children. The children were third-party beneficiaries to the agreement. See *Smith v. Smith* (1964), 7 Ohio App.2d 4, 8–9, 36 O.O.2d 27, 30–31, 218 N.E.2d 473, 476–477.

When the court adopted this agreement in 1984, the agreement merged into the divorce decree. This merger, however, did not alter the fundamental nature of the agreement; the children still retain their third-party beneficiary rights. The merger only affected the enforcement (the agreements could be enforced by decree instead of as a contract, *Wolfe v. Wolfe* [1976], 46 Ohio St.2d 399, 75 O.O.2d 474, 350 N.E.2d 413), and the ability to alter the agreement (the parties must receive court approval for alterations of judicial decrees). Since there had been no alteration of the agreement, the children remained third-party beneficiaries.

Individual signators to a separation agreement may not modify the rights of third-party beneficiaries without their consent and those beneficiaries may enforce the beneficial provisions of the agreement. *Smith, supra,* 7 Ohio App.2d at 8, 36 O.O. at 30, 218 N.E.2d at 476; see, also, *Rhoades v. Rhoades* (1974), 40 Ohio App.2d 559, 563, 69 O.O.2d 488, 490, 321 N.E.2d 242, 245. As a result, neither Ocke nor anyone else, except Megan,

could waive Megan's rights and it was error for the trial court to come to the opposite conclusion.

Similarly, Michael had his own rights as a third-party beneficiary; thus, the same principles applied. Ocke could not waive his rights, his father could not deny him his rights, and Megan's inaction could have no effect on Michael's rights. The fact that one third-party beneficiary does not pursue his rights does not preclude another third-party beneficiary from asserting his rights. The trial court erred in finding that Ocke waived Megan's rights and in finding that any inaction on Megan's behalf impacted on Michael's rights. We find the fourth and fifth assignments of error to be well taken.

Having found error prejudicial to the appellant in the particulars assigned and argued, the judgment of the trial court is reversed and vacated and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed.*

SHAW, P.J., and THOMAS F. BRYANT, J., concur.