JOURNAL ENTRY AND OPINION
Caesar Devon Burkes claims Domestic Relations Court Judge James P. Celebrezze erred by adopting the interim order of Magistrate James R. Tanner, Jr. that found him in contempt of court for arrearage in spousal support and property division payments, and ordered Burkes to pay interest, costs, and attorney's fees. We disagree and affirm.
Burkes and Eleanor Ann Burkes were divorced on November 13, 1990. The original divorce decree provided that Burkes was to pay $8,160 per month for spousal support for a period of six years, retroactive to November 1, 1990. The judge specifically retained jurisdiction to modify this support award during the six-year period in the event of changed circumstances. In addition, Ms. Burkes was awarded $60,000 in attorney's fees and $1,000,000 as property division to be paid in the following installments:
 $ 50,000.00 within 5 days of journalization; $ 75,000.00 plus interest to date on or before 12/31/90; $100,000.00 plus interest to date on or before 09/01/91; $100,000.00 plus interest to date on or before 09/01/92; $200,000.00 plus interest to date on or before 09/01/93; $100,000.00 plus interest to date on or before 09/01/94; $100,000.00 plus interest to date on or before 09/01/95; $275,000.00 plus interest to date on or before 09/01/96;
Interest on the unpaid balance was to run at 6% per annum; however, interest on overdue payments was to accrue at the "legal rate." Further, unless sufficient security for those payments was provided, Burkes, as sole shareholder of C.B. Management Inc., which owned five McDonald's franchises, was restrained from selling any franchise rights owned by C.B. until the property division payments had been made.
On February 7, 1994, the parties entered into an agreed judgment entry which included the following: (1) Burkes had paid $625,000 toward the property division award, leaving $375,000 payable according to schedule; (2) interest on the total sum of the property division would be waived; (3) interest on future property division payments would accrue at the statutory rate; and (4) the spousal support award was reduced to $6,500.00 per month, for a period of 42 months, commencing February 1, 1994, and became non-modifiable.
On September 8, 1995, Ms. Burkes filed motions for attorney's fees and to show cause due to Burkes's failure to make his spousal support payments in August and September 1995, and his failure to make a property division payment on September 1, 1995. On November 29, 1995, Burkes filed motions for attorney's fees and to show cause alleging Ms. Burkes's improper tax reporting of $60,000 in additional spousal support she received as and for attorney fees.
On September 11, 1996, Ms. Burkes filed motions for the appointment of a receiver, a temporary restraining order, for sanctions and for attorney's fees due to Burkes's continued failure to comply with discovery requests.
On February 3-4, 1997, and March 21, 1997, Magistrate Tanner conducted hearings to consider these and many other motions. During the hearings the parties stipulated that, as of February 1997, the spousal support arrearage was $114,656 and the accumulated property division arrearage was $375,000, exclusive of a $79,786.12 payment made on February 18, 1997. The magistrate, pursuant to Civ.R. 53 (B)(4)(c), determined that Burkes was in violation of the court's orders with respect to the payment of spousal support and divisions of property payments in 1995 and 1996. He further granted Ms. Burkes's motion for attorney's fees and denied Burkes's motion to show cause concerning the improper tax reporting by Ms. Burkes.
On February 10, 1998, the interim magistrate's opinion was issued which included the following:
 The Magistrate finds that during each month in which defendant failed to pay anything whatsoever toward his court ordered obligations, both as to spousal support as well as property division, defendant spent well over $10,000.00 in personal living expenses. Spending at such a level on living personal expenses and paying nothing toward court ordered obligations does not demonstrate a good faith effort to comply with the court order. Accordingly, the Magistrate concludes that the defendant Caesar Devon Burkes should be held in contempt of court. The Magistrate further concludes that Defendant Burkes should be sentenced to 30 days incarceration, or in the alternative 200 hours of community service, for his contempt, which sentence should be suspended provided defendant purges his contempt within 30 days of entry hereof by complying with all of the following: 1) paying plaintiff all interest on property division accrued through the date of entry hereof; 2) paying plaintiff, through the CSEA, 10% of all accumulated spousal support arrearage through the date of entry hereof.
* * *
 The Magistrate concludes that plaintiff should be granted judgment in her favor and against defendant, as and for unpaid property division, in the amount of $403,749.96, which includes interest through February, 1997 of $28,749.96.
* * *
 [T]he Magistrate concludes that plaintiff is entitled to an award of attorney fees in the amount of $26,573.00, as additional spousal support, * * *
* * *
 The Magistrate finds the defendant Caesar Burkes transfers and encumbers his various assets regularly. The Magistrate further finds that defendant lives an extravagant lifestyle in which he regularly spends over $10,000.00 per month in "living expenses". The Magistrate further finds that from the entry of the Divorce Decree until the present, plaintiff has pursued enforcement of defendant's court ordered obligation to her. Plaintiff has attempted virtually all remedies available to her in an effort to get defendant to pay his court ordered obligation to her. The Magistrate concludes that plaintiff's Motion for Temporary Retraining Order should be granted, in part. The Magistrate further concludes that defendant Caesar Devon Burkes should be restrained from borrowing upon, transferring or encumbering any assets which he currently owns, or from using personal or business assets as collateral for future loans, until such time as his property division payment due and owing to plaintiff, plus interest, has been paid in full and until all arrearage in spousal support owed to plaintiff, plus interest, through the date of entry hereof, has been paid in full.
On June 1, 1998, with leave of the court, Burkes, C.B. Management and Woodmere, Inc., filed joint objections to this decision. Ms. Burkes filed her response June 22, 1998.
On July 15, 1998, Ms. Burkes obtained an ex parte temporary restraining order (TRO) against McDonald's Corporation, preventing the disbursement of funds or assets "to or on behalf of Caesar Devon Burkes or C.B. Management Co., Inc." Due to no service, or ineffective service, McDonald's Corporation filed a motion for clarification of the court's July 15, 1998 TRO. As a result, the court issued an order modifying its TRO.
Judge Celebrezze issued his journal entry adopting the magistrate's decision "in its entirety" on October 13, 1998.
Burkes assigns five errors for review. His first assignment of error states:
 I. THE TRIAL COURT ERRED IN ADOPTING THE CONCLUSION OF THE MAGISTRATE THAT CAESAR BURKES DID NOT MAKE A GOOD FAITH EFFORT TO PAY HIS OBLIGATIONS UNDER THE JUDGMENT OF DIVORCE, AS MODIFIED.
Domestic relations judges are generally given broad discretion in the fashioning of equitable relief under the specific facts and circumstances of each case. Wolfinger v. Ocke (1991),72 Ohio App.3d 193, 594 N.E.2d 139. This discretion extends to the granting of spousal support, the equitable distribution of property, and evidentiary rulings. Kunkle v. Kunkle (1990),51 Ohio St.3d 64, 554 N.E.2d 83.
On review, an appellate court will not reverse a judge's decision in a contempt proceeding absent an abuse of discretion.Denovchek v. Board of Trumbull Cty. Commrs. (1988), 36 Ohio St.3d 14,16, 520 N.E.2d 1362. See, also, Jacobson v. Starkoff
(June 6, 1996), Cuyahoga App. No. 69122, unreported. An abuse of discretion connotes more than an error in judgment, the record must indicate that the trial court's decision was arbitrary, unreasonable, or unconscionable. Booth v. Booth (1989), 44 Ohio St.3d 142,144, 541 N.E.2d 1028. See, also, Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 andNakoff v. Fairview General Hospital (1996), 75 Ohio St.3d 254,662 N.E.2d 1. The credibility of witnesses is primarily a matter for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212. See, also, Jacobson, supra. A judge's decision, based on competent credible evidence, will not be disturbed on appeal. The C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578; Jacobson, supra.
Civil contempt is the failure to comply with a court order in a civil action that will benefit the opposing party. Pedone v.Pedone (1983), 11 Ohio App.3d 164, 165, 463 N.E.2d 656, paragraph one of the syllabus. In order to be found in contempt, one does not have to willfully violate the court order, it is enough if it is found that the dictates of the judicial decree were not followed. Id., paragraph two of the syllabus. See, also, Pugh v.Pugh (1984), 15 Ohio St.3d 136, 463 N.E.2d 656. A party accused of contempt for disobeying a court order may defend by demonstrating it was not in his power to obey the order. Courtneyv. Courtney (1984), 16 Ohio App.3d 329, 475 N.E.2d 1284. See, also, Pugh, supra.
In the instant case, the parties stipulated Burkes's arrearage of $375,000 in property division payments, and his $114,656 arrearage in spousal support. Thus, a prima facie showing by Ms. Burkes of his contempt had been established and the burden was shifted to Burkes to establish his inability to comply.
It is clear from the record that Burkes did not establish an inability to comply with the mandated payments. In fact, the record demonstrates quite the opposite. It was established that Burkes's expenses, income, and real estate holdings included the following: (1) monthly personal living expenses of over $10,000; (2) a salary from C.B. Management in 1995 of $200,790 plus $54,000 in rental income; (3) taxable income of C.B. Management, of which Burkes is the sole shareholder, of $100,000.00; (4) real estate valued at approximately $689,000; and (5) other assets worth approximately $2.3 million dollars, "give or take half a million."
It is clear, therefore, that the judge did not abuse his discretion in finding Burkes in contempt of court for not making at least a good faith effort to fulfill his court-ordered spousal and property division payments. Accordingly, the first assignment of error has no merit.
The second assignment of error states:
 II. THE TRIAL COURT ERRED IN FAILING TO FIND THAT PLAINTIFF'S OWN ACTION IN JOINING THE CORPORATIONS AS PARTIES DEFENDANT AND OBTAINING AN ORDER RESTRAINING CORPORATE FUNDS DIRECTLY RESULTED IN CAESAR BURKES' [SIC] INABILITY TO FULLY MEET HIS PERSONAL COURT ORDERED OBLIGATIONS.
Burkes here contends he was unable to comply with the court's order because Ms. Burkes had obtained a restraining order which prevented him from utilizing the net proceeds from the sale of his Woodmere, Inc. franchise. He argues that, denied those funds, Woodmere was unable to meet any of its outstanding financial obligations and, as a direct consequence, both he and C.B. Management were forced to satisfy those debts to protect the C.B. restaurants and prevent a breach of the franchise agreements with McDonald's Corporation. Burkes maintains that, but for the preclusion of the Woodmere funds and the necessity of his personal credit to secure loans to cover the corporate obligations, he would have been able to satisfy the court order.
He further submits the record demonstrated that, in the past, he had used these corporate monies in lieu of taking a salary to satisfy these obligations, and he had every intention to continue to do so. This option was no longer available once these assets were frozen.
As previously mentioned, the standard of review concerning the allocation and payment of spousal support and property division is one of an abuse of discretion. Blakemore, supra.
Given the evidence of Burkes's vast holdings and numerous income sources, it is clear the judge did not abuse his discretion in determining that Ms. Burkes's TRO did not result in Burkes' inability to comply with the court's order. The record is devoid of any evidence that Burkes made a valiant or even cursory attempt to create disposable income and, as a result, neither an inability to comply or a good faith effort to comply can be found. Courtney; Pugh, supra. This assignment of error is overruled.
The third assignment of error states:
 III. THE TRIAL COURT ERRED IN NOT CONSIDERING THE CORROBORATIVE INFORMATION AND EVIDENCE SUBMITTED TO IT BY McDONALD'S CORPORATION AS A RESULT OF THE EX PARTE RESTRAINING ORDER SOUGHT BY AND RECEIVED BY PLAINTIFF.
Here, Burkes argues that the judge erred in not considering theex parte evidence submitted in McDonald's motion for clarification of his July 15, 1998 TRO. Specifically, Burkes submits, that the judge was compelled, pursuant to Civ.R. 53 (E)(4)(b), to weigh the additional evidence presented through his brief before making a ruling upon the objections to the magistrate's opinion. He further argues that, had the judge considered this evidence, he would have realized that Burkes's financial position was, as Burkes had contended, precarious and, in reality, built on a "house of cards."
Again, this assignment will be reviewed under a standard of abuse of discretion. Blakemore, supra. Further, an appellate court will presume that the judge only considered relevant, material, and competent evidence in rendering his judgment, Dozerv. Dozer (1993), 88 Ohio App.3d 296, 623 N.E.2d 1272, while maintaining regularity in his proceedings and correctness in his findings of fact. Hartt v. Munobe (1993), 67 Ohio St.3d 3,615 N.E.2d 617.
Civ.R. 53 (E)(4)(b) states:
 Disposition of objections. The court shall rule on any objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced the evidence for the magistrate's decision.
Given the wealth of information about Burkes's financial positions, including the information supplied to the judge and this court through the memorandum and order of the United States District Court in McDonald's Corporation v. C.B. Mangement Co.,Inc. (N.D.Ill. 1998), 13 F. Supp.2d 705, it is clear that no additional facts needed to be presented concerning Burkes's inability to meet his court ordered payments. The memorandum and order indicates that Burkes was in default to McDonald's Corporation for more than $223,576.83 in rent, service fees, real estate taxes and interests but these debts do not excuse his total disregard for his court ordered obligations and lack of a good faith effort to honor them. Even if the judge did not review this additional material, as he may pursuant to Civ.R. 53 (E)(4)(b), we presume regularity in his proceedings and that he considered all relevant material in reaching his factually supported conclusions.
Accordingly, as there was no abuse of discretion in the judge's decision, this assignment of error is overruled.
The fourth assignment of error presented states:
 IV. THE TRIAL COURT ERRED IN ADOPTING "IN ITS ENTIRETY" THE MAGISTRATE'S DECISION BECAUSE THAT DECISION IS FATALLY INSUFFICIENT IN THAT IT DOES NOT CONTAIN FINDINGS OF FACT REQUIRED BY CIV.R. 53 (E) UPON WHICH TO REACH THE CONCLUSION THAT CAESAR BURKES SHOULD BE HELD IN CONTEMPT OF COURT AND ORDERED TO PAY INTEREST, ATTORNEY FEES AND COSTS.
Normally this type of error would be reviewed under an abuse of discretion standard. However, Burkes failed to support his argument with citations to legal authority as required by App.R. 16 (A)(7), and permits us to disregard this claimed error without analysis. App.R. 12 (A)(2); Meerhoof v. Huntington Mortgage Co.
(1995), 103 Ohio App.3d 164, 169, 658 N.E.2d 1109.
Nevertheless, it is worth noting that, pursuant to Civ.R. 53 (E)(2), "[i]f a party makes a request for findings of fact and conclusions of law under Civ.R. 52 or if the findings and conclusions are otherwise required by law or by the order of reference, the magistrate's decision shall include findings of fact and conclusions of law." Civ.R. 52 provides, "[a]n opinion or memorandum or decision filed in the action prior to judgment entry and containing findings of fact and conclusions of law separately shall be sufficient to satisfy the requirements of this rule and Rule 41 (B)(2)." However, "[t]he trial court, as the ultimate finder of fact, must make its own factual determinations through an independent analysis of the issues and should not adopt the findings of the referee unless the trial court fully agrees with them." DeSantis v. Soller (1990),70 Ohio App.3d 226, 232, 590 N.E.2d 886, 890-891. See, also,Kilroy v. B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357,676 N.E.2d 171.
In the case at bar, after a careful review of the interim magistrate's opinion, it is clear that the seven pages committed to findings of fact and conclusions of law address every issue presented in all motions. The magistrate was careful to address each individually and provide those facts necessary to make his conclusions under each analysis. Further, the objections filed by Burkes, C.B. Management, and Woodmere, Inc., were filed on June 1, 1998, and Judge Celebrezze did not adopt the magistrate's findings of fact in its entirety until October 13, 1998. Clearly, this afforded the judge ample opportunity to determine the soundness of the magistrate's findings and reach an independent conclusion. A party may not challenge a judge's findings or even that of a magistrate, once adopted by the judge, merely because he disagrees with the outcome.
Accordingly, the judge did not abuse his discretion in adopting the findings of fact and conclusions of law of the magistrate and this assignment of error has no merit.
Burkes's fifth assignment of error is:
 V. THE TRIAL COURT ERRED IN RESTRAINING THE PROCEEDS FROM THE SALE OF WOODMERE, INC. WITHOUT A HEARING AS TO THE SOURCE OF THOSE ASSETS.
Again, Burkes fails to support this assignment of error with authority, and as a result, pursuant to App.R. 16 (A)(7) and App.R. 12 (A)(2), this assignment of error need not be addressed.Meerhoof, supra. Further, this assignment of error is adequately addressed in Burkes's third assigned error and is also rendered moot. App.R. 12 (A)(1)(c).
Judgment affirmed.
It is ordered that the appellee recover from appellant her costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Division of Domestic Relations, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________ JUDGE ANNE L. KILBANE
 JAMES M PORTER, A.J. CONCURS IN JUDGMENT ONLY: AND JAMES D.SWEENEY, J. CONCURS IN JUDGMENT ONLY WITH SEPARATE OPINION.
 CONCURRING OPINION