JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Louis Cocheran challenges the order of the juvenile court that sua sponte vacated an "Agreed Judgment Entry" purportedly reached by Cocheran and the mother of his child, pursuant to which the mother waives a claim for past due child support and the father conditionally agreed to pay college tuition for the child. For the reasons set forth below, we affirm.
 {¶ 2} The record reflects that on August 8, 2003, the mother filed an application to determine support for the parties' daughter who was born in November 1986, and was then sixteen years old. In this document, the mother sought "back child support" and also stated that the girl was going to attend college and would need the father's financial assistance. The mother further indicated that the father knew of the child since she was five years-old, and that she received limited support payments beginning in May 2003.
 {¶ 3} In May 2004, the mother wrote to the magistrate to complain that she had not received financial information from the father. She wrote a similar letter to the magistrate again in June 2004.
 {¶ 4} On August 19, 2004, the matter was set for hearing. The mother did not appear, and the magistrate issued the following decision:
 {¶ 5} "Father and his counsel present. Mother did not appear. Father's counsel submitted an agreed judgement entry to the mother in June, 2004; the mother has not responded. The father is paying current support per CSEA order * * *. He is retired but now working in another capacity. The court finds that the proposed payment for past care is fair, especially since the mother did not pursue her claim for past care because the father was married. The father's wife is now deceased. Exhibit A [the Agreed Judgment Entry] is adopted as though rewritten in its entirety."
 {¶ 6} It is undisputed that the mother never signed the agreed judgment entry which indicated:
 {¶ 7} "All past, present or future support being pursued by Plaintiff will be waived [in lieu of the father paying for college tuition for the child, provided that she maintained at least a 2.0 grade point average]."
 {¶ 8} In October 2004, the mother notified the court that she had moved and was not receiving court notices. In 2005, she wrote to the father to inquire as to whether he would pay the child's college tuition and in this document, she indicated that the parties had an agreement whereby the father was to pay tuition, however.
 {¶ 9} In January 2006, the father wrote to the girl and indicated that because she had not maintained a 2.0 grade point average, he would no longer pay for her tuition. He also requested reimbursement for his spring 2005 tuition payment.
 {¶ 10} On February 28, 2006, the mother filed a pro se motion for "Back child support payments" and to "cancell [sic] the college being paid by [the father]."
 {¶ 11} The matter proceeded to hearing before a judge. The judge noted that the mother had never signed the "Agreed Judgment Entry"and was not present at the hearing wherein the magistrate adopted this document. The court stated:
 {¶ 12} "I don't know how the Magistrate could find that an agreement was achieved between the parties without the parties being before the court and entering their agreement either in writing at that particular time, or at least placing their settlement on the record showing their agreement * * *." The court also noted that the mother had continuously complained that she had moved and was not receiving court notices, and that she was seeking financial information from the father.
 {¶ 13} The father noted, however that the mother testified in deposition[1] that she had agreed to abide by the "Agreed Judgment Entry," referred to this document in other correspondence and never filed objections or an appeal.
 {¶ 14} The mother stated, however, that the magistrate called her at home on August 19, 2003 to inquire as to why she had not signed the Agreed Judgment Entry and she told him that "there were too many strings attached" and that she would "never sign that." The trial court subsequently vacated the "Agreed Judgment Entry." The father now appeals.
 {¶ 15} For his sole assignment of error, the father contends that the trial court erred in "sua sponte" vacating the judgment since the mother did not file a motion for relief from judgment pursuant to Civ.R. 60(B).
 {¶ 16} Civ.R. 60(B) provides that a court may relieve a party from a judgment or order of the court when certain requirements are met:
 {¶ 17} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: 1) mistake, inadvertence, surprise or excusable neglect; 2) newly discovered evidence * * *; 3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; 4) the judgment has been satisfied, release or discharged * * *; or 5) any other reason justifying relief from the judgment.
 {¶ 18} In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate that: (1) he has a meritorious claim or defense; (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. GTE Automatic Electric, Inc. v. ARCIndustries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. The movant's burden is only to allege a meritorious defense not to prevail on the merits of the defense. Moore v. EmmanuelFamily Training Ctr, Inc. (1985), 18 Ohio St.3d 64, 479 N.E.2d 879.
 {¶ 19} A trial court has discretion in determining whether to grant a Civ.R. 60(B) motion for relief from judgment. Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564; Kadish, Hinkle Weibel Co. L.P.A. v. Rendina (1998), 128 Ohio App.3d 349, 352,714 N.E.2d 984. Thus, a trial court's decision regarding a Civ.R. 60(B) motion will not be reversed on appeal absent a showing of abuse of discretion. Doddridge v. Fitzpatrick (1978), 53 Ohio St. 2d 9, 11,371 N.E.2d 214. A reviewing court, therefore, will not disturb the trial court's decision absent a clear showing of an abuse of discretion.Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122;Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 102, 316 N.E.2d 469. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 20} Civ.R. 60(B) is a remedial rule to be liberally construed so that the ends of justice may be served. Colley v. Bazell (1980),64 Ohio St.2d 243, 249, 416 N.E.2d 605, 610. In Mester v. Washington (October 19, 2000), Cuyahoga App. No. 77312, this court stated that Civ.R. 60(B) "permits a court to grant relief when the factual circumstances relating to a judgment are shown to be materially different from the circumstances at the time of the judgment." Id., citing to Kay v. MarcGlassman (1996), 76 Ohio St.3d 18, 665 N.E.2d 1102.
 {¶ 21} "With regard to whether the trial court acted within its discretion in this matter, we note that on February 28, 2006, the mother filed a pro se motion for "Back child support payments" and to "cancell [sic] the college being paid by [the father]." This pro se motion asks for relief from judgment. Construing the motion liberally and to serve the ends of justice, the trial court could, within its discretion, treat it as such."
 {¶ 22} As to whether the mother was entitled to relief from judgment, we further note that the requirements of an agreement to settle were set forth by this court in ITX Corp. v. Saad, Cuyahoga App. No. 83978,2004-Ohio-3600, as follows;
 {¶ 23} `"A contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration.' Perlmuter PrintingCo. v. Strome, Inc. (N.D.Ohio 1976), 436 F. Supp. 409, 414. A meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract. Episcopal Retirement Homes, Inc. v. Ohio Dep't.of Industrial Relations (1991), 61 Ohio St. 3d 366, 369,575 N.E.2d 134."
 {¶ 24} A settlement agreement that is voluntarily entered into in the presence of the trial court will thereafter be binding and enforceable as to the parties. Spercel v. Sterling Industries (1972),31 Ohio St.2d 36, 285 N.E.2d 324; Bolan v. Young (1982), 8 Ohio App.3d 36,455 N.E.2d 1316. Where such an agreement is read into the record, the trial court can enter a judgment which reflects the agreement. Id., supra, at 37.
 {¶ 25} Finally, we note that in H.N.H. v. H.M.F. Cuyahoga App. No. 84642, 2005-Ohio-1869, this court stated:
 {¶ 26} "Court-ordered support is for the benefit of the child rather than the custodial parent and, consequently, cannot be waived by the parents." Id., citing, Nelson v. Nelson (1989), 65 Ohio App.3d 800,804-805, 585 N.E.2d 502 and Rhoades v. Rhoades (1974),40 Ohio App.2d 559, 321 N.E.2d 242; Smith v. Smith (1964), 7 Ohio App.2d 4,218 N.E.2d 473. While it is true that a parent may relieve himself from "liability" for support by extra-judicial agreement, a parent may not summarily dispense with future support obligations in the same manner. Nelson v.Nelson (1990), 65 Ohio App.3d 800, 804, 585 N.E.2d 502.
 {¶ 27} In this matter, however, there is no indication that the parties reached an agreement. The mother never signed the Agreed Judgement Entry, and she did not appear at the hearing where it was adopted by the magistrate. She also informed the court that the magistrate called her on the day of the hearing to inquire as to why she had not signed the document and she stated that she told him that "there were too many strings attached" and that she would "never sign that." In accordance with the foregoing, the mother clearly presented a meritorious defense, i.e., that there was no contract due to lack of acceptance and lack of mutual assent. Although the father claimed that the mother admitted in deposition that she had waived her claim to all past, present and future child support payments, the deposition excerpts do not so indicate. Therefore, the trial court acted within its discretion in determining that the mother was entitled to relief from judgment as the factual circumstances relating to a judgment were shown to be materially different from the circumstances set forth by the magistrate. Accordingly, we find no abuse of discretion in connection with the trial court's award of relief from judgment. Cf. Killa v.Killa, Mahoning App. No. 03 MA 101, 2004 Ohio 566, the court held that the trial court properly denied relief under Civ.R. 60(B) where "the trial court went to great lengths to ensure that appellant entered the agreement voluntarily and the record fails to indicate otherwise[.]" Moreover, to the extent that the agreement purported to waive the father's liability for present and future support, it would be unenforceable.
 {¶ 28} The assignment of error is without merit.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and CHRISTINE T. MCMONAGLE, J., CONCUR
[1] The father's attorney submitted only excerpts of the deposition, however, and the excerpts do not indicate that the mother had waived her claim for all past, present or future support.