[Civ. No. 12798. Second Appellate District, Division Two.—December 31, 1940.]

ROBERT R. WALSH, a Minor, etc., Appellant, v. MIRIAM C. WALSH, Respondent.

Roland Rich Woolley for Appellant.

Robert W. Kenny, Morris E. Cohn and Max Sisenwein for Respondent.

McCOMB, J.—Plaintiff appeals from (1) a judgment of dismissal predicated upon the granting of defendant's motion for a summary judgment pursuant to the provisions of section 437c of the Code of Civil Procedure, and (2) an order dissolving an attachment.

So far as material here the complaint is in the form of a common count for money had and received. Plaintiff's affidavit in opposition to defendant's motion for a summary judgment alleges that Raoul A. Walsh and defendant were husband and wife and that plaintiff is the adopted minor son of said parties; that February 21, 1927, defendant and her husband entered into a property settlement agreement (hereinafter designated as the "first agreement"), which contract was modified by a subsequent agreement between the parties

dated October 17, 1934 (hereinafter designated as the "second agreement"); and that defendant has failed, neglected, and refused to provide for the support, maintenance, and education of plaintiff, pursuant to the terms of the contracts aforesaid.

The first agreement read in part as follows:

"AGREEMENT.

"This agreement, made the 21st day of February, 1927, by and between Raoul A. Walsh, hereinafter referred to as the husband, and Miriam C. Walsh, hereinafter referred to as the wife,

"Witnesseth:

. . . . . . . . . . . . . . .

"Whereas, the parties hereto have two children, to-wit, John R. Walsh, born on the 10th day of July, 1914, and Robert R. Walsh, born on the 4th day of February, 1922, and,

. . . . . . . . . . . . . . .

"II. The husband shall, on or before the 31st day of December, 1927, pay to the wife, for her separate use and benefit the sum of Ten Thousand ($10,000.00) Dollars, and on or before the 31st day of December, 1928, the further sum of Ten Thousand ($10,000.00) Dollars . . . The said sums shall be paid to her in addition to the payments to be made to her for her maintenance and support and in consideration of her undertaking the maintenance and support of said children or either of them, as hereinafter provided, and in addition to any and all payments which the husband shall be obliged to make in any other paragraph of this agreement.

"III. The husband shall, so long as the wife remains unmarried to any person other than the husband, pay to the wife, for her separate maintenance and support, and for her separate use and benefit, and in consideration of her undertaking the support and maintenance of said children, or either of them, the sum of Five Hundred ($500.00) Dollars per week; provided, however, that if at any time the gross income of the husband from all sources shall be less than One Thousand ($1,000.00) Dollars per week, then during the time when such gross income is less than One Thousand ($1,000.00) Dollars per week the husband shall pay the wife a sum equal to one-half (½) of such gross income. The term 'gross income' as here used shall include all moneys to which the husband is or may be entitled from any source whatsoever,

during any calendar year in which such period is included, whether such income is received during said period or not.

"IV. Should the wife marry any person during the lifetime of the husband, the husband shall, nevertheless, so long as she shall have the custody and control of the children or of either of them, as in paragraph VIII hereof provided, pay to her, in consideration of her undertaking the support and maintenance of said children or either of them, the sum of Fifty ($50.00) Dollars each per week."

Paragraphs 1 and 2 of the second agreement read thus:

"1. The parties hereto have heretofore made an agreement in writing dated the 21st day of February, 1927, and hereinafter sometimes referred to as 'Original Contract'. Except as modified in paragraph 2 of this agreement, the Original Contract is to remain in full force and effect; it being the intention of the parties to hereby ratify the Original Contract, in accordance with the terms thereof as modified only by paragraph 2 of this agreement and notwithstanding any act or acts heretofore done, or any agreement or agreements heretofore made, by either or both of the parties, or any waiver or waivers or modification or modifications heretofore made in the terms of the Original Contract.

"2. The Original Contract is hereby modified by deleting from paragraph III thereof the words and figures 'Five Hundred ($500.00) Dollars' wherever said words and figures now appear in said paragraph III, and by inserting the words and figures 'Three Hundred Twenty-five Dollars ($325.00)' wherever the words and figures 'Five Hundred ($500.00) Dollars' now appear in said paragraph III."

In defendant's affidavit accompanying her motion for a summary judgment she denies that she owes plaintiff any sum whatsoever.

These are the questions necessary for us to determine:

*First: May a minor child sue to enforce the provisions for his support, maintenance, and education contained in a property settlement agreement between his mother and father?*

*Second: Did the trial court err in granting defendant's motion to dissolve the attachment which plaintiff had caused to be issued?*

The first question must be answered in the affirmative. The law is established in California that a child can enforce the provisions of a property settlement agreement made for

his benefit in the same manner as could a party to the agreement. (*Mutual Life Ins. Co.* v. *Henes,* 8 Cal. App. (2d) 306, 311 [47 Pac. (2d) 513] ; see, also, *Hartman Ranch Co.* v. *Associated Oil Co.,* 10 Cal. (2d) 232, 244 [73 Pac. (2d) 1163].)

 Applying the foregoing rule to the facts of the instant case, it is apparent that the first property settlement agreement was made for the benefit, among other things, of the plaintiff herein, and that the second agreement did not in any way change the character of the first agreement on this point. Therefore, plaintiff was entitled to maintain the present action and, since there was an issue between the parties as to whether or not defendant had provided for the maintenance, support, and education of plaintiff, the motion for a summary judgment should have been denied and the case tried upon its merits.

The second question must be answered in the affirmative and is governed by these pertinent principles of law:

 (1) A notice pursuant to section 556 of the Code of Civil Procedure for an order dissolving an attachment theretofore issued must specify the grounds wherein the writ was improperly issued (*Donnelly* v. *Strueven,* 63 Cal. 182, 183).

 (2) An attachment may be issued when the action is founded upon a contract express or implied (sec. 537, subd. 1, Code Civ. Proc.). In the instant case defendant's notice of motion read in part as follows:

"Said motion will be based upon all of the papers and files in this action; upon the points and authorities on file herein; upon the further ground that the cause of action of the plaintiff herein has no foundation in law or in fact and is frivolous and sham."

Applying the rules of law above stated, it is obvious that defendant's notice of motion did not state the grounds whereon it was urged that the writ of attachment had been improperly issued. From the affidavits before the trial court it is undisputed that plaintiff's claim was predicated upon rights arising upon a contract. Therefore, the motion to dissolve the writ of attachment should have been denied.

For the foregoing reasons the judgment and order are and each is reversed.

Moore, P. J., concurred.

Wood, J., concurred in the judgment.

A petition for a rehearing was denied on January 28, 1941, and respondent's petition for a hearing by the Supreme Court was denied on February 27, 1941.