Wheamei Jenq CHEN

v.

Richard CHEN

v.

Theresa Chen.

Appeal of Richard Chen, Appellant

Superior Court of Pennsylvania.

Argued Feb. 25, 2003.

Filed Dec. 19, 2003.

---

Charles A. Banta, Easton, for appellant.

Donald F. Spry, III, Bethlehem, for Theresa Chen, appellee.

Before: FORD ELLIOTT, KLEIN, and MONTEMURO,* JJ.

* Retired Justice assigned to Superior Court.

OPINION BY FORD ELLIOTT, J.:

¶ 1 Richard Chen ("Husband") appeals the order entered June 28, 2002 in the Court of Common Pleas of Northampton County directing him to pay $59,292 in arrearages in accordance with a property settlement agreement entered into on June 27, 1983. We affirm.

¶ 2 Husband and Wheamei Jenq Chen ("Wife") had two children during the course of their six-year marriage. Robert Chen was born on May 16, 1978, and Theresa Chen was born on February 5, 1982. This case concerns only Theresa. The parties divorced on June 27, 1983 and entered into a property settlement agreement ("agreement").

¶ 3 The provision of the agreement that addressed Husband's child support obligation provided as follows:

9. Child Support

The Husband agrees and contracts to pay to Wife the sum of $25.00 per week as child support for the support of the child, Theresea, (sic) who will be in the custody of Wife. The Husband further agrees that upon obtaining regular employment or upon any increase in salary the aforementioned support award will be increased in accordance with the Northampton County Domestic Relations Guidelines. Husband hereby waives, releases and renounces any and all claims to child support for Robert.

¶ 4 On June 27, 1983, a support order was entered in the amount of $25 per week. Husband deposited $25 into a bank account set up in Illinois every week as required. (Notes of testimony, 1/24/02 at 28, 58.) At no time did Wife seek an increase in the support amount.[1] Follow-ing the divorce, Robert lived with his father while Theresa lived with her mother. (*Id.* at 20–21, 26.) In 1985, Husband moved to Michigan where he continues to reside. (*Id.* at 65, 68–69). Since the divorce, Wife lived in Illinois, Taiwan, Philadelphia, Pennsylvania, and Tampa, Florida. (*Id.* at 22–24.)

¶ 5 On April 27, 2000, Wife filed a petition for special relief, enforcement of the property settlement agreement, and contempt of court. Wife sought to enforce the child support provision in the agreement and collect arrearages. After turning 18, Theresa filed a petition to intervene on May 25, 2000, as a party to her mother's action. In her petition, Theresa alleged that she was a third party beneficiary to the agreement. On November 27, 2000, the trial court found that Theresa was a third party beneficiary to the agreement and granted her petition.

¶ 6 On January 28, 2002, a non-jury trial was held. Shortly before trial, Wife withdrew her petition. The case proceeded to trial on Theresa's petition. On June 28, 2002, the trial court entered an order in favor of Theresa and against her father in the amount of $59,292.80.

¶ 7 Husband raises the following issues for our review:

I. DID THE COURT ERR IN FINDING THAT THE INTERVENER IS A THIRD PARTY BENEFICIARY OF THE PROPERTY SETTLEMENT AGREEMENT ENTERED INTO BETWEEN HER PARENTS?

II. DID THE COURT ERR IN FINDING THAT THE PROPERTY SETTLEMENT AGREE-

---

1. Wife testified Husband physically abused her during the marriage. (Notes of testimony, 1/28/02 at 24.) She filed a protection from abuse petition and left Husband when Theresa was ten days old. (*Id.* at 23–24.) Wife testified she feared her Husband. (*Id.* at 24.)

MENT OF THE PARTIES IM-
POSED A POSITIVE DUTY ON
[HUSBAND] TO PURSUE AN
INCREASE IN SUPPORT?

III. DID THE COURT ERR IN AC-
CEPTING THE OPINION TES-
TIMONY OF A WITNESS
WITHOUT PROPERLY QUALI-
FYING THAT WITNESS AS AN
EXPERT?

Husband's brief at vi.

¶ 8 Husband first argues the trial court erred in finding that Theresa, the intervener, is a third party beneficiary of the agreement. In *Guy v. Liederbach*, 501 Pa. 47, 459 A.2d 744 (1983), our supreme court adopted the Restatement (Second) of Contracts § 302 (1979) as the law of this Commonwealth concerning third party beneficiary rights. Section 302 states:

**Intended and Incidental Beneficiaries**

(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either

  (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

  (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

Restatement (Second) of Contracts § 302 (1979); *see also Scarpitti v. Weborg*, 530 Pa. 366, 609 A.2d 147 (1992).

¶ 9 Consequently, the *Guy* court concluded:

There is thus a two part test for determining whether one is an intended third party beneficiary: (1) the recognition of the beneficiary's right must be 'appropriate to effectuate the intention of the parties,' and (2) the performance must 'satisfy an obligation of the promisee to pay money to the beneficiary' or 'the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.'

*Id.* at 60, 459 A.2d at 751.

¶ 10 The first prong of the test sets forth a standing requirement which empowers the trial court to determine, in its discretion, whether third party beneficiary status is appropriate in a particular case. *Clifton v. Suburban Cable TV Co., Inc.*, 434 Pa.Super. 139, 642 A.2d 512, 514 (1994). The second prong defines the two types of claimants who may be intended as third party beneficiaries. *Id.*

¶ 11 Instantly, applying the test set out above, we conclude that the trial court correctly determined that the intervener was a third party beneficiary of her parent's agreement. The primary intent of the parties in paragraph 9 of the agreement was to help Theresa by providing for her financial support. Wife was asked if she used the money she received from Husband for the support of Theresa. (Notes of testimony, 1/24/02 at 26.) Wife responded: "Yes, it's not enough, but, yes, of course, I had to. I wish I could provide her more, so in the event—certain events I would like her to join, but I couldn't." (*Id.*) Clearly, Wife intended to give Theresa the benefit of the child support payments. As a result, we find that Theresa, as a third party beneficiary, has a cause of action in accordance with the principles of the Restatement (Second) of Contracts, § 302(1)(b).

¶ 12 Husband admits that "Theresa may fit the general definition of a third party

beneficiary." (Husband's brief at 9.) However, Husband claims that Theresa has no right to the specific benefit of this agreement; that is, the cash. (*Id.*) Husband contends Theresa admitted she was supported and, by her testimony, lived a typical life. Specifically, Theresa lived in a house, took music lessons, took part in activities at school, and attended college. (*Id.*)

¶ 13 We believe that Husband's argument misses the point since Theresa is suing as a third party beneficiary for breach of contract. It is irrelevant that Theresa was able to take music lessons, etc. or lived a typical life. It is well established that as a third party beneficiary, the intervener's rights and limitations on the contract are the same as those of the original contracting parties. *Miller v. Allstate Ins. Co.*, 763 A.2d 401, 405, n. 1 (Pa.Super.2000). As such, the intervener can bring suit to enforce the contract. *See generally, Torchia v. Keystone Foods Corporation*, 431 Pa.Super. 83, 635 A.2d 1082, 1085 (1993).

¶ 14 We recognize that this precise question "whether a child can sue to enforce a support provision for her benefit in her parent's property settlement agreement" does not appear to have been addressed in this Commonwealth. We have discovered that several courts have recognized that children may, as third party beneficiaries, sue to enforce a separation or property settlement agreement that provides for their support, maintenance, and education. In *Smith v. Smith*, 7 Ohio App.2d 4, 218 N.E.2d 473 (1964), the Ohio court discussed children, as third party beneficiaries, in separation agreements:

> We also observe that with regard to support payments for minor children a separation agreement is, in essence, in the nature of a third party beneficiary contract. The parents may, as individuals, contract between themselves as to their obligations of child support (Sections 2111.08, 3103.03 and 3103.06, Revised Code) and determine by their agreement the manner in which their respective obligations might be borne between them. Their minor children become third party beneficiaries of any provisions as to support which may benefit them, but, not being parties to the agreement, no obligations of the agreement become binding upon the children. As third party beneficiaries the beneficial provisions of the contract ordinarily may not be modified to their detriment without their consent and may be enforced by them or for them.

*Id.* at 8, 218 N.E.2d at 473. *See also Worthington v. Worthington*, 207 Ark. 185, 179 S.W.2d 648 (1944) (child may enforce contract for her benefit past her own majority); *Walsh v. Walsh*, 42 Cal.App.2d 282, 108 P.2d 760 (1940) (child can enforce the provisions of a property settlement agreement made for his benefit in the same manner as could a party to the agreement).

¶ 15 In this case, Husband as promisor, promised to pay child support for Theresa to Wife. Theresa was entitled to more than the $25 per week that Husband dutifully sent each week. We see nothing to prevent Theresa from enforcing her right under the contract to an increased amount of support based on her father's increased earnings. The trial court has calculated that Theresa is entitled to $59,292 in arrearages.

¶ 16 Next, Husband argues that the trial court erred when it found the agreement imposed a positive duty on him to pursue an increase in support. Husband contends the trial court's erroneous finding assumed a term not in the agreement and established a duty obligating him to unilaterally seek increases in the level of support.

¶ 17 As a preliminary matter, the parties do not dispute that the agreement should be interpreted according to contract principles. A settlement agreement between a husband and wife is governed by the law of contracts unless the agreement itself provides otherwise. *delCastillo v. delCastillo*, 420 Pa.Super. 520, 617 A.2d 26, 29 (1992), *appeal denied*, 535 Pa. 668, 634 A.2d 1116 (1993). *See also Purdy v. Purdy*, 715 A.2d 473 (Pa.Super.1998) (a marital settlement agreement that is incorporated but not merged into the divorce decree is considered a contract subject to the law of contracts).

¶ 18 "When interpreting a property settlement agreement, the trial court is the sole determiner of facts and absent an abuse of discretion, we will not usurp the trial court's fact-finding function." *delCastillo*, *supra*, citing *Nitkiewicz v. Nitkiewicz*, 369 Pa.Super. 504, 535 A.2d 664, 665 (1988), *appeal denied*, 520 Pa. 589, 551 A.2d 216 (1988). Because contract interpretation is a question of law, this court is not bound by the trial court's interpretation. *Banks Engineering Co., Inc. v. Polons*, 697 A.2d at 1022 (Pa.Super.1997) (citations omitted).

¶ 19 The relevant portion of the agreement provides: "The Husband further agrees that upon obtaining regular employment or upon any increase in salary the aforementioned support award will be increased in accordance with the Northampton County Domestic Relations Guidelines." Simply put, Husband claims the agreement states that support will be increased, not whose obligation it was to seek such increases. We disagree.

¶ 20 A contract is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense. *Hutchison v. Sunbeam Coal Corp.*, 513 Pa. 192, 200, 519

A.2d 385, 390 (1986). "[W]hen the language of a contract is clear and unequivocal, courts interpret its meaning by its content alone, within the four corners of the document." *First Home Savings Bank, FSB v. Nernberg*, 436 Pa.Super. 377, 648 A.2d 9, 14 (1994), *appeal denied*, 540 Pa. 620, 657 A.2d 491 (1995), citing *Greene v. Oliver Realty, Inc.*, 363 Pa.Super. 534, 526 A.2d 1192 (1987) (other citations omitted). We believe the trial court's interpretation of the above-quoted sentence from paragraph 9 of the agreement is correct; that is, the husband agreed to increase support, unilaterally, upon any increase in his salary or upon obtaining regular employment, with DRS guidelines being used as a marker for the correct increase. (Trial court opinion, 11/27/02 at 6.) Additionally, we note that an increase in support was contemplated by the insertion of the sentence in question.

¶ 21 Last, Husband argues the trial court erred when it accepted the opinion testimony of a witness without properly qualifying that witness as an expert. We are unable to address this argument as we find it waived. On July 24, 2002, the trial court ordered Husband to file a statement of matters complained of on appeal. On August 6, 2002, Husband complied and raised several issues. (*See* certified record, document # 37.) However, Husband did not raise issue III above. Our supreme court's holding in *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1999), specifically held that:

> from this date [October 28, 1999] forward, in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to [Pa.R.A.P.] 1925. Any issues not raised

in a 1925(b) statement will be deemed waived.

*Id.,* 553 Pa. at 417, 719 A.2d at 308. The holding of *Lord* has been applied to family law cases. *See Riley v. Foley,* 783 A.2d 807 (Pa.Super.2001) (relating to waiver in a child support case); *Lobaugh v. Lobaugh,* 753 A.2d 834 (Pa.Super.2000) (relating to waiver in an alimony case); *Giles v. Douglass,* 747 A.2d 1236 (Pa.Super.2000) (relating to waiver in child custody cases). Instantly, our review indicates that Husband has failed to include this issue in his 1925(b) statement, and therefore, the trial court failed to address the issue in its 1925(a) opinion. As such, the issue is waived.

¶ 22 Order affirmed.

¶ 23 KLEIN, J. files a Concurring Statement.

CONCURRING STATEMENT BY KLEIN, J.:

¶ 1 I concur in the result. The issues are well stated in the trial court opinion, and I would affirm on the basis of that opinion.