Mark T. WADE, Appellee

v.

**Donna (Wade) HUSTON, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 8, 2005.

Filed June 8, 2005.

Kathleen B. Entenmann, Pittsburgh, for appellant.

Eric C. Rome, Indianola, for appellee.

Before: DEL SOLE, P.J., JOYCE and TAMILIA, JJ.

DEL SOLE, P.J.

¶ 1 This is an appeal from the order which, *inter alia,* ordered Appellant Wife to pay Appellee Husband essentially one half of the proceeds received from the sale of the marital home. The facts of the case were largely undisputed. Months prior to the parties' 1989 divorce, they entered into a Property Settlement Agreement ("PSA"), which provided, in pertinent part, as follows:

> The following constitutes all of the real estate owned by the parties to this Agreement: Two story house and 4.8 acres of land located on Bull Creek Road, Fawn Township, Allegheny County, Pennsylvania, owned by the parties as Joint Tenants by the Entireties.

> It is the intent of the parties that this property be sold at a price satisfactory to both of them, and that the net proceeds, after payment of taxes and lien of mortgage and other costs, shall be divid-

ed equally between [Husband] and [Wife].

Pending sale of the property, [Wife] and the parties['] children shall have the right of exclusive possession of the property, and [Husband] agrees not to enter upon the property for any reason whatsoever without the express consent of [Wife]. The time of and conditions of the sale of the property shall be at the sole discretion of [Wife].

. . .

This Agreement may be amended or modified only by a written instrument signed by both parties except as provided otherwise in Article V relating to the custody, support and visitation of the children of the parties.

Property Settlement Agreement, ¶¶ 3.01 and 7.08.

¶ 2 In 1991, the parties executed a deed transferring Husband's title to the subject property to Wife. In 2002, Wife sold the property to a third party without consulting Husband or paying any portion of the proceeds to him.

■ ¶ 3 Husband petitioned to enforce the PSA; following a hearing, the trial court entered the order on appeal, finding that the 1991 deed was executed solely to permit Wife to obtain refinancing for the property, and had no effect on the parties' obligations under the PSA.

¶ 4 On appeal, Wife advances one argument: that the 1991 deed acted as a written modification of the PSA, subsuming the parties' obligations with regard to the sale of the house pursuant to the doctrine of merger. We disagree.

■ ¶ 5 Wife cites to the merger doctrine associated with the transfer of real property. That doctrine, as cited, albeit to an incorrect case, by Wife, is: "that all warranties and representations in connection with a sale or other transaction made prior to or contemporaneous with a deed are merged into the deed and that unless therein expressly provided for, they are forever lost." *Elderkin v. Gaster,* 447 Pa. 118, 288 A.2d 771, 775 (1972). This doctrine is normally applied to warranties of title. *Id.* Wife argues that the PSA is an "other transaction," the property-related provisions of which merged into the deed.

¶ 6 First, we find that the doctrine of merger does not apply in this action where Husband's claim arises from the PSA, and not from a contract related **to this sale.** *See Juniata Valley Bank v. Martin Oil Co.,* 736 A.2d 650, 661 (Pa.Super.1999) (holding doctrine of merger did not prohibit bank's claim against oil company where claim was based on oil company's duty under Storage Tank Spill Prevention Act and not on representations made during sale); *Elderkin v. Gaster,* 447 Pa. 118, 288 A.2d 771, 775 (1972) (reiterating that doctrine of merger does not foreclose inquiry into matters collateral to the deed or matters not intended to be controlled by deed). The relevant contractual obligations of the PSA concern the financial aspects of the sale of the property to a third party, not any warranties or representations concerning the "sale" of the property to Wife.

¶ 7 Further, we note that even if the doctrine of merger applies in this case, it would only operate to prohibit Husband's claim where the parties **intended** such a result. *See Elderkin,* 288 A.2d at 775; *Carsek Corp. v. Stephen Schifter, Inc.,* 431 Pa. 550, 246 A.2d 365, 370 (1968). The trial court credited Husband's testimony that he transferred title to Wife for the sole purpose of allowing her to refinance the property and that there was never any discussion or agreement that such action modified the parties' obligations under the PSA. We are bound by the trial court's assessment of credibility. *McClain v.*

*McClain,* 2005 PA Super 130, ¶ 11 n. 1, 872 A.2d 856, 863 n. 1. Accordingly, even if we assume *arguendo* that the doctrine of merger is applicable to this case, the evidence reveals that the parties did not intend for the deed to subsume the applicable provisions of the PSA. Thus, the trial court did not err in its refusal to permit such modification of the agreement.

¶ 8 Order affirmed.