**Drake v. Drake**

528

C.P. of Lawrence County, No. 10183 of 2011 CA

*Susan M. Papa*, for plaintiff.
*Theodore A. Saad*, for defendant.

HODGE, *J.*, Sept. 15, 2014—This opinion is issued pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure in support of the order of court dated May 21, 2014, from which the defendant, Timothy P. Drake, appeals and contends that this court committed the following errors:

1. The court erred in finding that the parties' marital settlement agreement was ambiguous;

2. The court erroneously concluded that the life insurance policy at issue was not disclosed amongst the parties; and

3. The court erred in directing that a term life policy, with no cash value, be liquidated and the proceeds divided between the parties because doing so dissipates a marital asset and violates the parties' marital settlement agreement.

Prior to addressing each of the matters complained of, the court sets forth the following summary of the relevant procedural and factual background of this case. On February 8, 2011, the plaintiff, Judith B. Drake (hereinafter, "wife"), filed a complaint in divorce against the defendant, Timothy P. Drake (hereinafter, "husband"). The parties entered into a marital dissolution agreement on March 15, 2012, and a divorce decree was subsequently issued on April 5, 2012. On April 4, 2014, Wife presented the court with a petition for special relief, wherein wife requested the court to direct husband to transfer ownership of a life insurance policy to her. Following a hearing, this court denied wife's request, but directed the parties to liquidate the asset and divide the proceeds pursuant to the terms of their marital dissolution agreement. From this order, husband appeals.

When interpreting a marital settlement agreement, "the trial court is the sole determiner of facts and absent an abuse of discretion, the appellate courts will not usurp the trial court's fact-finding function." *Chen v. Chen*, 840 A.2d 355, 360 (Pa. Super. 2003), *appeal granted in part*, 578 Pa. 433, 853 A.2d 1011 (2004) (relating to other findings). On appeal from an order interpreting a marital settlement agreement, the appellate court must decide whether

the trial court committed an error of law or abused its discretion. *Tuthill v. Tuthill*, 763 A.2d 417, 419 (Pa. Super. 2000), *appeal denied*, 775 A.2d 808 (Pa. 2001).

> "[J]udicial discretion" requires action in conformity with law on facts and circumstances before the trial court after hearing and due consideration. Such discretion is not absolute, but must constitute the exercises of sound discretion. This is especially so where, as here, there is law to apply. On appeal, a trial court's decision will generally not be reversed unless there appears to have been an abuse of discretion or a fundamental error in applying correct principles of law. An "abuse of discretion" or failure to exercise sound discretion is not merely an error of judgment. But if, in reaching a conclusion, law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or lacking in reason, discretion must be held to have been abused.

*In re Deed of Trust of Rose Hill Cemetery Ass'n Dated Jan. 14, 1960*, 590 A.2d 1, 3 (Pa. 1991) (internal citations omitted). While the appellate court is bound by the trial court's determinations regarding credibility, *Wade v. Huston*, 877 A.2d 464 (Pa. Super. 2005), contract interpretation is a question of law, and the reviewing court is not bound by a trial court's interpretation. *Chen, supra* at 360. The standard of review over questions of law is *de novo* and to the extent necessary, the scope of review is plenary." *Kripp v. Kripp*, 849 A.2d 1159, 1164 n. 5 (Pa. 2004).

The insurance policy in question was issued by Primerica for the life of husband with wife also receiving

a life insurance policy at a reduced rate. The parties referred to wife's policy as a "rider" policy on husband's policy. Wife's life insurance policy names husband as a beneficiary. The associated death benefit for wife's life insurance policy is $100,000.00. Following the execution of the marital dissolution agreement and the parties' divorce, wife petitioned the court to compel husband to transfer ownership of the policy to wife and name the parties' son as a beneficiary. Husband objected to wife's request by arguing that the marital dissolution agreement fully encompassed the division of all marital assets owned by the parties. Husband stated that the agreement provided that any property in either party's possession remains the personal property of that individual part.

Wife, however, argued that it is inappropriate for Husband to incur financially gains following her death given the fact that the parties are no longer married. Wife additionally argues that if the court was unwilling to transfer ownership of the policy, the court should at least direct husband to execute the necessary forms to change the beneficiary provision and name the parties' children as beneficiaries.

In Pennsylvania, a settlement agreement between a husband and wife is governed by the law of contracts, unless the agreement itself provides otherwise. *Lyons v. Lyons*, 585 A.2d 42 (Pa. Super. 1991); *Caccavo v. Caccavo*, 565 A.2d 1199 (1989); *Sonder v. Sonder*, 549 A.2d 155 (1988). When the language of such an agreement is clear and unambiguous, the focus of the interpretation must be upon the terms as manifestly expressed. *Caccavo*, 565 A.2d at 1202. A contract is ambiguous if it is reasonably susceptible of different constructions and capable of being

understood in more than one sense. *Walton v. Philadelphia National Bank*, 545 A.2d 1383, 1389 (Pa. Super. 1988). The court must determine as a question of law whether the contract terms are clear or ambiguous. *Id.*

The standard of enforceability of a contractual agreement is also clear: "[a]bsent 'fraud, misrepresentation, or duress, spouses should be bound by the terms of their agreements.'" *McMahon v. McMahon*, 612 A.2d 1360, 1363 (Pa. Super. 1992) (citations omitted). As such, a trial court may interpret a marital settlement agreement like a contract, but the court has neither the power nor the authority to modify or vary the decree unless there is conclusive proof of fraud or mistake. *Bianchi v. Bianchi*, 859 A.2d 511, 515 (Pa. Super. 2004).

When construing agreements involving clear and unambiguous terms, a trial court need only look to the writing itself to give effect to the parties' understanding. *Vaccarello v. Vaccarello*, 757 A.2d 909, 913-914 (Pa. 2000). A court may not modify the plain meaning of the words under the guise of interpretation. *Id.* A court must consider such contracts without reference to matters outside of the document, and we must ascertain the parties' intentions when entering into the contract from the entire instrument. *Purdy v. Purdy*, 715 A.2d 473, 475 (Pa. Super. 1998). Furthermore, the parties are bound "without regard to whether the terms were read and fully understood and irrespective of whether the agreements embodied reasonable or good bargains." *Sabad v. Fessenden*, 825 A.2d 682, 688 (Pa. Super. 2003).

Additionally, Section 3105 of the Pennsylvania Domestic Code outlines the effect of agreements entered

into between parties and its applicability applies to agreements relating to marital settlements.

Section 3105 provides:

a. Enforcement: A party to an agreement regarding matters within the jurisdiction of the court under this part, whether or not the agreement has been merged or incorporated into the decree, may utilize a remedy or sanction set forth in this part to enforce the agreement to the same extent as though the agreement had been an order of the court except as provided to the contrary in the agreement.

b. Certain provisions subject to modification: A provision of an agreement regarding child support, visitation or custody shall be subject to modification by the court upon a showing of changed circumstances.

c. Certain provisions not subject to modification: In the absence of a specific provision to the contrary appearing in the agreement, a provision regarding the disposition of existing property rights and interests between the parties, alimony, alimony pendente lite, counsel fees or expenses shall not be subject to modification by the court.

Additionally, at the time the marital settlement agreement was executed, both parties were represented by competent counsel, and the agreement provides that they were fully advised of their rights, obligations and duties pursuant to the agreement. Based upon these findings, this court denied wife's request to transfer ownership of the life insurance policy into her name. Further examination of the marital dissolution agreement led this court to

provision 5.03, which stated, "[i]n the event either party has failed to disclose an asset that is valued at more than $1,000.00 the parties agree that they will divide the asset equally...". Pursuant to provision 5.03, the court directed the life insurance policy to be liquidated and divided equally. Subsequent to the court issuing its decision, the parties informed the court that wife's insurance policy has no present financial value, and all of the $100,000.00 is contingent upon wife's death. Regardless of the circumstances pertaining to the asset, the court enforced compliance with the parties, marital dissolution agreement.

Husband now contends that this court erred in determining that the marital dissolution agreement was ambiguous. In addressing husband's contention, the court notes that a contract will be found to be ambiguous:

> if, and only if, it is reasonably or fairly susceptible of different constructions and is capable of being understood in more senses than one and is obscure in meaning through indefiniteness of expression or has a double meaning. A contract is not ambiguous if the court can determine its meaning without any guide other than a knowledge of the simple facts on which, from the nature of the language in general, its meaning depends; and a contract is not rendered ambiguous by the mere fact that the parties do not agree on the proper construction.

*Z & L Lumber Co. of Atlasburg v. Nordquist*, 502 A.2d 697, 700 (Pa. Super. 1985) (citations omitted).

Ambiguity within a contract may be latent or patent. A patent ambiguity appears on the face of the contract and is a result of defective or obscure language. *Id.* A

latent ambiguity arises from collateral facts which make the meaning of a written contract uncertain, although the language appears clear on the face of the contract. *Id.* To determine whether there is an ambiguity, it is proper for a court to hear evidence from both parties and then decide whether there are objective indications that the terms of the contract are subject to differing meanings. *Id.*

In the order of court dated May 21, 2014, this court did not determine that the marital dissolution agreement was ambiguous, but rather this court specifically stated that the issue of who owned the subject insurance policy was ambiguous. This finding was based upon the fact that the policy was clearly a marital asset, but distribution was not set forth in the policy. Although the parties' agreement professed full disclosure of assets, the agreement failed to mention the policy. Therefore, the court's determination that ownership was at issue was proper.

Furthermore, Pennsylvania law prohibits an individual from financially benefiting from the death of a former spouse via a life insurance policy, annuity contract pension or profit-sharing plan. *See* 20 Pa.C.S.A. §6111.2 (effect of divorce on designation of beneficiaries); *In re: Estate of Hoffman*, 54 A.3d 903 (Pa. Super. 2012) (Unless otherwise and expressly stated, a beneficiary designation cannot survive a divorce. The former spouse is treated as if he or she predeceased the decedent.).

A more thorough consideration of section 6111.2 to the facts of the instant case leads this court to find error in its May 21, 2014 order, but for reasons other than those referenced by husband. In wife's petition for special relief, she requested ownership of the policy be transferred to

her. However, wife's testimony at the May 7, 2014 hearing indicated that it was her desire to have her children appointed as beneficiaries on her life insurance policy. (*See* N.T. May 7, 2014, p. 14). Although this court denied wife's request to transfer ownership of the policy to wife, the court believes section 6111.2 of the Probate, Estates and Fiduciaries Code provides the court with the authority to grant wife's request and direct husband to designate the parties' minor children as the beneficiaries of wife's life insurance policy. This conclusion would also prevent the dissipation of a marital asset, which would not have a realized value to Husband if he remains the intended beneficiary.

Based upon the foregoing, this court respectfully submits that husband's appeal be denied in its entirety, and these proceedings be relinquished to the jurisdiction of this court for entry of an order consistent with the determinations set forth herein.

## ORDER OF COURT

And now, this 15th day of September, 2014, the court having received defendants' Concise Statement of Errors Complained of on appeal pursuant to Pa.R.A.P. 1925(b), and issuing an order pursuant thereto, the court hereby orders and decrees as follows:

1. Pursuant to Pa.R.A.P. Rule 1931, the Prothonotary shall assemble the record and transmit the same to the Prothonotary of the Superior Court as required by the applicable rules of appellate procedure.

2. The Prothonotary shall properly serve notice of this order upon counsel of record and upon any party not represented by counsel by regular mail or personal service.