J-A32020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ARIELA GESHURY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| AMOTZ J. GESHURY | |
| Appellant | No. 131 EDA 2016 |

Appeal from the Order December 10, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2006-10717

BEFORE:  DUBOW, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED MARCH 08, 2017**

Appellant, Amotz J. Geshury, appeals from the order entered December 10, 2015, dismissing his petition for contempt and awarding Appellee, Ariela Geshury, attorney's fees in the amount of $24,341.25.  We affirm.

We adopt the following factual and procedural history from the trial court's opinion, which in turn is supported by the record.  **See** Trial Court Opinion (TCO), 5/19/16, at 1-7.  The parties were married on May 25, 1980.  They jointly owned a bartending school, Crown Food and Beverage Institute, Inc., also known by its fictitious name, Mixology Wine Institute ("Crown/Mixology").  Appellee managed the daily operations of the business

_____

[*] Retired Senior Judge assigned to the Superior Court.

while Appellant oversaw finances, filed tax returns, and handled regulatory issues.

In May 2006, Appellee filed a complaint in divorce. On June 8, 2006, the court ordered that: (1) the parties were to grant one another immediate and continued access to all financial records of their business; (2) neither party was to alienate, dissipate, or transfer marital assets, including the business; and (3) all checks written on any business account had to be signed by all parties. On February 6, 2008, with the parties' agreement, the court modified its previous order, clarifying that Appellee would continue to be responsible for the daily operation of the business and Appellant would continue to manage the books, including debt, licensing, and accounting.

In August 2008, the parties appeared before an equitable distribution master with their completed marital settlement agreement. The marriage was dissolved by divorce decree on September 15, 2008; the decree incorporated the marital settlement agreement. The agreement provided that: (1) the June 2006 order would remain in effect; (2) the business would continue to operate without changes to ownership; (3) all assets of the business were to remain in the business; (4) all company liabilities would remain the responsibility of both parties; (5) Appellee would continue the role of managing the business; and (6) Appellant would continue to assist with accounting, maintenance, and regulatory issues.

However, both the situation between the parties and the business degraded. Appellant did not adequately perform his duties or timely file tax

returns. Appellant took draws from the business, requesting they not be classified as salary, and demanded that checks be written to him. As a result of Appellant's actions, the company owed significant unpaid taxes to the City of Philadelphia, the state of New Jersey, and federal liens. Appellee paid the entirety of these debts from her personal funds. During their marriage, Appellant would not allow Appellee to hire an accountant. As a result of Appellant's actions, Appellee hired independent accountants for tax returns prepared for the years 2010 through 2014. Still, Appellant refused to cooperate with the accountants or provide requested information.

The financial situation of the company continued to deteriorate. It operated with outdated equipment, owed significant back rent, and Appellee paid employees with personal funds. Although at one time Crown/Mixology operated five locations, by November 2014, its sole remaining school ceased enrolling students. Appellee decided it was not feasible to continue operating the business. She offered Crown/Mixology to Appellant in October 2014. Appellant responded that he was in Israel and requested to discuss the issue at a later time. However, Appellant never gave Appellee a definitive response.

Finally, Appellee closed Crown/Mixology. All of the old equipment was scrapped. Appellee began a new business, Aqua Vitae, which opened in September 2014. Appellee also accepted a loan from her new husband to cover Crown/Mixology's debts. She has been repaying that loan.

On May 19, 2015, Appellant filed a petition for contempt, claiming that Appellee had violated the marital settlement agreement by: (1) closing Crown/Mixology without cause and opening an identical business; (2) failing to provide Appellant with continued access to the financial accounts of the business; and (3) failing to pay her portion of the marital debt. Appellee filed a response in opposition, requesting a demurrer and attorney's fees.

The trial court heard argument and testimony on the petition on October 21, October 22, and December 9, 2015. Appellant testified in support of his petition. Appellee, the parties' sons, and two accountants testified in opposition. At the conclusion of the hearings, the court found Appellant had come before the court with unclean hands, dismissed his petition, and awarded attorney's fees to Appellee.

Appellant filed a motion for reconsideration, which the trial court denied. Appellant timely appealed and filed a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued a responsive opinion.

On appeal, Appellant raises the following questions for our review:

I. Whether the lower court abused its discretion and erroneously disregarded substantial evidence in not finding [Appellee] in contempt of the order?

II. Whether the lower court erroneously determined [Appellant] acted with unclean hands?

III. Whether the lower court erred in awarding [Appellee] attorney's fees for [Appellant's] good faith filing of the petition for contempt?

Appellant's Brief at 5 (unnecessary capitalization omitted).

We review a contempt order for an abuse of discretion. ***See Harcar v. Harcar****,* 982 A.2d 1230, 1234 (Pa. Super. 2009). In this context, we place a "great reliance" on the discretion of the trial judge. ***Langendorfer v. Spearman***, 797 A.2d 303, 307 (Pa. Super. 2002).

First, Appellant claims that the court abused its discretion and disregarded evidence when it found that Appellee was not in contempt of the parties' marital settlement agreement. ***See*** Appellant's Brief at 11-12. Appellant suggests a number of reasons the court erred, including: (1) Appellee was responsible for handling the taxes and returns, and he was only required to "assist" with the books; (2) Appellee controlled the operations and limited his access to financial information; and (3) Appellee acted with unclean hands in closing Crown/Mixology and opening a similar business. ***Id.*** at 12-17.

In contempt proceedings, the burden of proof rests with the complaining party to demonstrate by a preponderance of the evidence that the respondent is in noncompliance with a court order. ***Lachat v. Hinchcliffe***, 769 A.2d 481, 488 (Pa. Super. 2001). Accordingly, Appellant was required to prove that Appellee was not complying with the court order. Appellant did not meet this burden.

Appellant's claims are neither supported by the record, nor was his testimony credible. To the contrary, the court found that: (1) the evidence established that Appellant did not adequately perform his duties to the

business; (2) Appellee made an effort to enable the business to stay in operation, including performing duties that should have been done by Appellant; (3) the language of the settlement order and Appellant's own testimony made it absolutely certain that he was in charge of the finances and accounting; (4) due to Appellant's failures, Appellee had no choice but to become more involved in the finances; (5) Appellee testified credibly that she had always provided Appellant with access to the business's financial records. *See* TCO at 9-12. These findings are supported by the record. Thus, we discern no abuse of discretion.

Second, Appellant claims that the court erroneously determined that he had acted with unclean hands. *See* Appellant's Brief at 18. Appellant raises a number of arguments in this regard, including the contention he did not violate the February 2008 order or prevent Appellee from filing the company's taxes herself. *Id.* at 18-19. Essentially, he challenges the court's factual determinations and complains that the trial court gave improper weight to Appellee's testimony. *Id.* We disagree.

In matrimonial cases, the courts have full equity power and jurisdiction to issue injunctions and other orders necessary to protect the interests of the parties. *See* 23 Pa.C.S. § 3323; *see also Lee v. Lee* 978 A.2d 380, 387 (Pa. Super. 2009). A party seeking relief in a court of equity must come with "clean hands" and act fairly and without fraud or deceit as to the controversy at issue. *Lee*, 978 A.2d 387; *see also In re Adoption of S.A.J.*, 838 A.2d 616, 625 (2003). If a party has not acted in good faith,

they will not be allowed to benefit from those actions. ***Jacobs v. Halloran***, 710 A.2d 1098, 1103 (Pa. 1998).

In determining that Appellant had acted with unclean hands in filing the instant petition, the trial court made the following factual findings: (1) Appellant's duties were to manage the business's books, including IRS debt, licensing, taxes, and accounting; (2) Appellant did not file tax returns or filed them late; (3) Appellant did not pay any of Crown/Mixology's debts and Appellee has paid the debts from her personal funds; (4) Appellant did not cooperate with accountants attempting to prepare corporate tax returns; (5) Appellant regularly appeared at the business to demand money; and (6) Appellee did not have knowledge of the years of unfiled tax returns, taxes, interest, and penalties Appellant had accumulated. As a result, the trial court concluded that Appellant failed to perform his duties pursuant to the February 2008 order. The trial court found credible Appellee's testimony. The trial court did not find Appellant's testimony credible.

These conclusions are supported by the record, and we are bound by the trial court's determination of credibility. ***Wade v. Huston***, 877 A.2d 464, 465 (Pa. Super. 2005). Accordingly, we discern no abuse of discretion in the trial court's conclusion that Appellant acted with unclean hands. ***Harcar***, 982 A.2d at 1234.

Finally, Appellant claims the lower court erred in awarding Appellee attorney's fees because the petition for contempt had been filed in good faith. Appellant has waived this claim for failure to include it in his Pa.R.A.P.

1925(b) statement of errors complained of on appeal. ***See Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) (quoting ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) ("[a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived.")

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/8/2017